**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MV CIRCUIT DESIGN, INC.,

        Plaintiff,

    v.

OMNICELL, INC., RIOUX VISION, INC.
and KILPATRICK TOWNSEND &
STOCKTON LLP,

        Defendants.

Case No. 1:14-cv-02028

Judge Dan Aaron Polster
Magistrate Judge Nancy A. Vecchiarelli

**DEFENDANT KILPATRICK TOWNSEND & STOCKTON LLP'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

    Defendant Kilpatrick Townsend & Stockton LLP hereby moves this Court, pursuant to

Fed. R. Civ. P. 12(b)(6), to dismiss all of Plaintiff's claims against it.  As grounds therefor,

Kilpatrick Townsend & Stockton LLP asserts that the Complaint fails to state a claim upon which

relief may be granted.  A memorandum in support of this motion is attached hereto.

    Respectfully submitted,

Vorys, Sater, Seymour and Pease LLP

/s/ Anthony J. O'Malley
Anthony J. O'Malley (0017506)
200 Public Square, Suite 1400
Cleveland, OH 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
ajomalley@vorys.com

*Attorneys for Defendant Kilpatrick Townsend*
*& Stockton LLP*

Kilpatrick Townsend & Stockton LLP

Susan A. Cahoon (*Pro hac vice admission pending*)
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
scahoon@kilpatricktownsend.com

Frederick L. Whitmer (*Pro hac vice admission pending*)
The Grace Building, 1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8773
fwhitmer@kilpatricktownsend.com

Brian P. O'Donnell (*Pro hac vice admission pending*)
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
bodonnell@kilpatricktownsend.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| MV CIRCUIT DESIGN, INC., | |
| Plaintiff, | Case No. 1:14-cv-02028 |
| v. | |
| OMNICELL, INC., RIOUX VISION, INC. and KILPATRICK TOWNSEND & STOCKTON LLP, | Judge Dan Aaron Polster<br>Magistrate Judge Nancy A. Vecchiarelli |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT KILPATRICK TOWNSEND &**
**STOCKTON LLP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................1

II.     FACTUAL BACKGROUND ...................................................................2

    A.  MV's Motivation to Become a Joint Inventor with Omnicell ................................. 2

    B.  The January 23, 2008 Email Between Omnicell and MV ........................................ 3

    C.  The Allegations Against Kilpatrick in the Complaint ............................................ 3

    D.  MV Obtains its Own Patents on Technology Used in Rioux's Carts ..................... 4

III.    LEGAL STANDARD ON MOTION TO DISMISS ..............................5

IV.     ARGUMENT ............................................................................5

    A.  This Court Should Apply Ohio Law to MV's Tort Claims ..................................... 5

    B.  MV's Aiding and Abetting Claim Should Be Dismissed as a Matter of
        Law Because Ohio Does Not Recognize Such a Claim ............................................. 6

    C.  MV's Negligent Misrepresentation Claim Should Be Dismissed
        Because MV Failed to Properly Plead the Elements and the Claim Is
        Barred by the Attorney Immunity Doctrine and the Statute of
        Limitations ......................................................................................... 7

        1.  MV Failed to Properly Plead the Elements of a Negligent
            Misrepresentation Claim ........................................................................... 7

            a)  Kilpatrick Did Not Supply False Information ................................. 7

            b)  MV's Bald Statement on Justifiable Reliance and Damage is
                Contradicted by Its Own Patent Applications ................................ 9

            c)  MV Did Not Plead That Kilpatrick Failed to Exercise
                Reasonable Care in Communicating the False Information.......................... 10

        2.  Kilpatrick is Immune from Negligent Misrepresentation Liability To
            Third Party Non-Client MV ..................................................................... 10

        3.  MV's Negligent Misrepresentation Claim is Time-Barred ................................. 11

    D.  MV's Claims for Fraud and Fraudulent Concealment  Should Be
        Dismissed for Failure to Properly Plead the Claims and the Claims
        Are Barred by the Attorney Immunity Doctrine and Statute of
        Limitations .................................................................................... 12

        1.  MV Failed to Properly Plead the Fraud Claims.............................................. 12

            a)  MV Did Not Plead With the Requisite Particularity That
                Kilpatrick Had a Duty to Disclose ................................................ 13

        b)   MV Did Not Rely on Kilpatrick's Alleged Fraudulent
            Representations or Concealment and Suffered No Injury ............................ 14

    2.   The Attorney Immunity Doctrine Bars MV's Fraud Claims ............................... 14

    3.   The Statute of Limitations Bars MV's Fraud Claims ........................................ 15

    4.   The Discovery Rule is Unavailable to MV to Toll the Statute of
       Limitations Because MV Should Have Discovered the Fraud ............................ 15

    5.   The Fraudulent Concealment Doctrine is Also Unavailable to Toll the
       Statute of Limitations Because MV Failed to Plead Tolling as a
       Result of the Concealment and it Should Have Discovered the Fraud ................ 16

**E.**   **MV's Conspiracy Claim Should Be Dismissed For Failure to Properly
    Plead the Elements, as Unsupported by Any Viable Tort Claim and
    Barred by the Intra-Corporate Conspiracy Doctrine ............................................. 18**

    1.   MV Has Not Plead The Elements of Conspiracy With Specificity ..................... 18

    2.   As MV's Tort Claims Should Be Dismissed, There is No Remaining
       Underlying Claim to Support the Conspiracy Claim ....................................... 19

    3.   Kilpatrick Cannot Conspire with Omnicell as a Matter of Law Under
       the Intra-Corporate Conspiracy Doctrine ................................................... 19

**V.**       **CONCLUSION ........................................................................................20**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*,
    182 F. App'x. 994 (Fed. Cir. 2006) ...................................................................16

*Allen v. Andersen Windows, Inc.*,
    913 F.Supp.2d 490 (S.D. Ohio 2012) ...............................................................11

*Aluminum Line Prods. Co. v. Brad Smith Roofing Co., Inc.*,
    671 N.E.2d 1343 (Ohio Ct. App. 1996)............................................................15

*Amadasu v. The Christ Hosp.*,
    514 F.3d 504 (6th Cir. 2008) ...........................................................................20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................5

*Bowshier v. Chrysler Fin. Corp.*,
    144 F.Supp.2d 919 (S.D. Ohio 2001) ...............................................................19

*Brady ex rel. Brady v. Hickman & Lowder, Co., L.P.A.*,
    No. 82461, 2003 WL 22413491 (Ohio Ct. App. Oct. 23, 2003) ...........................11

*Brown v. Whirlpool Corp.*,
    996 F.Supp.2d 623 (N.D. Ohio. 2014)................................................................5

*Browning v. Levy*,
    283 F.3d 761 (6th Cir. 2002) ...........................................................................17

*Bryant v. Doe*,
    552 N.E.2d 671 (Ohio 1988)...................................................................... 17-18

*Burroughs Wellcome Co. v. Barr Labs., Inc.*,
    40 F.3d 1223 (Fed. Cir. 1994)............................................................................4

*Carlucci v. Han*,
    886 F.Supp.2d 497 (E.D. Va. 2012) ..................................................................2

*Chandler v. Schriml*,
    No. 99AP-1006, 2000 WL 675123 (Ohio Ct. App. May 25, 2000) .......................12

iii

*Clemente v. Gardner*,
No. 2002-CA-00120, 2004 WL 953700 (Ohio Ct. App. Apr. 26, 2004)...............................11

*Coinstar, Inc. v. Coinbank Automated Sys., Inc.*,
998 F.Supp. 1109 (N.D. Cal. 1998) ....................................................................................2

*Coley v. Lucas Cnty., Ohio*,
No. 3:09-cv-0008, 2014 WL 272667 (N.D. Ohio Jan. 23, 2014) .......................................6, 20

*Connelly v. Balkwill*,
174 F. Supp. 49 (N.D. Ohio 1959)......................................................................................13

*Delman v. City of Cleveland Heights*,
534 N.E.2d 835 (Ohio 1989).................................................................................................7

*DeVries Dairy, L.L.C. v. White Eagle Coop. Ass'n., Inc.*,
974 N.E.2d 1194 (Ohio 2012)...............................................................................................6

*Dolan v. Glouster*,
879 N.E.2d 838 (Ohio Ct. App. 2007) ..................................................................................5

*Ebrahimi v. E.F. Hutton & Co.*,
794 P.2d 1015, 1017 (Colo. App. 1989) .............................................................................12

*Evans v. Pearson Enters., Inc.*,
434 F.3d 839 (6th Cir. 2006) .......................................................................................... 16-17

*FDIC v. Commonwealth Land Title Ins. Co.*,
902 F.Supp.2d 1048 (N.D. Ohio 2012)..................................................................................6

*Floyd v. Bank of America, N.A.*,
No. 1:13-cv-2072, 2014 WL 3732591 (N.D. Ohio July 25, 2014)................................... 18-19

*Glennon v. Dean Witter Reynolds, Inc.*,
83 F.3d 132 (6th Cir. 1996) ..................................................................................................6

*Goldberg v. Cohen*,
No. 01 CA 49, 2002 WL 1371031 (Ohio Ct. App. June 13, 2002) ......................................15

*Grubbs v. Sheakley Grp., Inc.*,
No. 1:13-cv-246, 2014 WL 202041 (S.D. Ohio Jan. 17, 2014)........................................ 6-7

*Hater v. Gradison Div. of McDonald & Co. Securities, Inc.*,
655 N.E. 2d 189 (Ohio 1995)..............................................................................................12

*Hayes v. Computer Assocs. Int'l, Inc.*,
No. 3:02-cv-7452, 2003 WL 21478930 (N.D. Ohio June 24, 2003) ....................................13

*Hicks v. Bryan Med. Grp., Inc.*,
    287 F. Supp.2d 795 (N.D. Ohio 2003)......................................................................19

*Hoganas AB v. Dresser Indus., Inc.*,
    9 F.3d 948 (Fed. Cir. 1993) ....................................................................................2

*Hollinghead v. Bey*,
    No. L-99-1351, 2000 WL 1005205 (Ohio Ct. App. July 21, 2000) ........................19

*Horen v. Board of Educ. of Toledo City Sch. Dist.*,
    594 F.Supp.2d 833 (N.D. Ohio 2009)......................................................................20

*Humphries v. Chicarelli*,
    No. 1:10-cv-749, 2012 WL 368255 (S.D. Ohio Feb. 3, 2012) ........................13, 14

*Informatics Applications Group, Inc. v. Shkolnikov*,
    836 F.Supp.2d 400 (E.D. Va. 2011) ........................................................................15

*Investors REIT One v. Jacobs*,
    546 N.E.2d 206 (Ohio 1989)....................................................................................15

*Koyo Corp. of U.S.A. v. Comerica Bank*,
    No. 1:10-cv-2557, 2011 WL 4540957 (N.D. Ohio Sept. 29, 2011) ........................12

*Lasmer Indus., Inc. v. AM General LLC*,
    741 F.Supp.2d 829 (S.D. Ohio 2010) ......................................................................11

*Lemkin v. Hahn, Loeser & Parks*,
    No. 2:10-cv-665, 2012 WL 1058951 (S.D. Ohio Mar. 28, 2012) ....................10, 14

*Lutz v. Chesapeake Appalachia LLC*,
    717 F.3d 459 (6th Cir. 2013) ..................................................................................16

*In re Nat. Century Fin. Enter., Inc., Inv. Lit.*,
    580 F.Supp.2d 630 (S.D. Ohio 2008) ......................................................................8

*In re Nat. Century Fin. Enter., Inc. Inv. Lit.*,
    No. 2:03-md-1565, 2008 WL 1995216 (S.D. Ohio May 5, 2008) ............................11, 14-15

*Nelson v. American Power and Light*,
    No. 2:08-cv-549, 2010 WL 3219498 (S.D. Ohio Aug. 12, 2010) ..........................13

*Ortega v. Wells Fargo Bank, N.A.*,
    No. 3:11-cv-01734, 2012 WL 275055 (N.D. Ohio Jan. 31, 2102) ..........................7

*Randleman v. Fidelity Nat. Title Ins. Co.*,
    465 F.Supp.2d 812 (N.D. Ohio 2006)......................................................................14

*Simon v. Zipperstein*,
    512 N.E.2d 636 (Ohio 1987)........................................................................11

*Stafford v. Jewelers Mutual Ins. Co.*,
    No. 3:12-cv-050, 2013 WL 796272 (S.D. Ohio. Mar. 4, 2013) ................................7

*Svete v. Wunderlich*,
    No. 2:07-cv-156, 2008 WL 4425509 (S.D. Ohio. Sept. 30, 2008).........................12

*Syntrix Biosystems, Inc. v. Illumina, Inc.*,
    No. C10-5870, 2013 WL 364722 (W.D. Wash. Jan. 30, 2013)...........................16

*Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*,
    684 N.E.2d 1261 (Ohio Ct. App. 1996).....................................................8

*Universal Coach, Inc. v. New York Transit Authority, Inc.*
    629 N.E.2d 28 (Ohio Ct. App. 1993)......................................................18

*Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*,
    76 F.3d 692 (6th Cir. 1996) ...............................................................11

*Ventura Cnty. Nat. Bank v. Macker*,
    49 Cal. App. 4th 1528, 1531 (1996) ........................................................12

*Williams v. Aetna Fin. Co.*,
    700 N.E.2d 859 (Ohio 1998).............................................................18

**Statutes**

35 U.S.C. § 122(b) ................................................................................16

Cal. Civ. Proc. Code § 339 (West).................................................................12

Colo. Rev. Stat. Ann. § 13-80-102 (West)..........................................................12

Ohio Rev. Code § 2305.09.....................................................................11, 15

**Other Authorities**

37 C.F.R. 1.14(a)(1).............................................................................16

Fed. R. Civ. P. 9(b) ...............................................................................5

Fed. R. Civ. P. 12(b)(6)............................................................................5

Restatement (Second) Conflicts of Laws § 148(1) (1989) ............................................6

Colo. RPC 1.6(a) (2012) ...........................................................................8

vi

Defendant Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), by and through its undersigned counsel, respectfully submits the following memorandum in support of its motion to dismiss ("Motion") all claims for relief asserted against it in the Complaint filed by Plaintiff MV Circuit Design, Inc. ("MV") for failure to state a claim upon which relief may be granted.

## <u>MEMORANDUM OF LAW</u>

### I.  <u>INTRODUCTION</u>

In an improper attempt to seek leverage in a straightforward inventorship dispute between MV and Defendants Omnicell, Inc. ("Omnicell") and Rioux Vision, Inc. ("Rioux), MV has also chosen to name the Kilpatrick law firm—whose predecessor Townsend and Townsend and Crew gave minimal advice to Omnicell in 2008 concerning MV's technology—asserting claims for fraud, fraudulent concealment, negligent misrepresentation, conspiracy and aiding and abetting, all of which, the Complaint tells us, arise out of a single January 23, 2008 email from Omnicell to MV.  This Motion demonstrates that Kilpatrick did not make any negligent or fraudulent misrepresentations to MV, nor did it owe a special "duty to speak" to non-client MV, who is, and was, represented by its own patent counsel, Renner Otto—the same firm that filed the claims against Kilpatrick.  Whatever the motivation of MV to sue Kilpatrick, the merits of this action, if any, have nothing to do with the limited advice Kilpatrick gave Omnicell.

MV's claims against Kilpatrick should be dismissed and cannot be remedied by amendment.  First, MV's aiding and abetting claim should be dismissed as a matter of law because Ohio does not recognize any such claim.  Second, MV's negligent misrepresentation claim should be dismissed because the Complaint fails to allege the required elements, which are, in any event, barred by the attorney immunity doctrine and the statute of limitations.  Third, MV's fraud and fraudulent concealment claims should be dismissed because the Complaint fails to allege the elements of these claims, which are also barred by the attorney immunity doctrine

1

and the statute of limitations.  Finally, MV's conspiracy claim should be dismissed because the Complaint fails to properly plead the claim, is unsupported by a viable underlying claim, and is barred by the intra-corporate conspiracy doctrine.  Kilpatrick's Motion should be granted.

## II.    FACTUAL BACKGROUND

### A.    MV's Motivation to Become a Joint Inventor with Omnicell

MV is a small business founded by Markos Paradissis.  (Compl., ¶ 10).  In a series of arms-length transactions starting in 2001, MV supplied electronic circuitry and other components to Rioux for use in Rioux's mobile medical carts, devices used by healthcare facilities to safely deliver medication to a patient's bedside.  (*Id.*, ¶¶ 20-22).  Despite claiming numerous patentable contributions to the carts over the next six years (*Id.*, ¶¶ 27-36), MV never filed any patent applications to protect those inventions.  It failed to file applications in February 2007, when, according to MV (*Id.*, ¶¶ 44-46), it spent two months *unsuccessfully* negotiating with Rioux over disputed IP ownership rights in Rioux's "RIO Cart."  It did not file in August 2007 when Rioux's first patent application (filed by its prior counsel, Nexsen Pruet) claiming its medical cart technology *was published to the world*.  *See* Declaration of Brian P. O'Donnell, ¶ 2, Ex. A (hereinafter "O'Donnell Decl., ¶ __.").[1]  Indeed, MV never found reason to file any patent applications until Nov. 29, 2007, when Omnicell acquired Rioux for $26 million. (Compl., ¶ 48).

Spying an opportunity to sell his technology to Omnicell like Rioux, Paradissis went to meet with Omnicell executives in December 2007.  (*Id.*, ¶ 49).  At that meeting, as MV did not own any patents, Omnicell offered to assess the patentability of MV's technology for possible

---

[1] This Court may take judicial notice of publicly available patent documents.  *See, e.g., Carlucci v. Han*, 886 F.Supp.2d 497, 521 (E.D. Va. 2012) (taking judicial notice of patent application filed with the World Intellectual Property Office); *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n. 27 (Fed. Cir. 1993) (taking judicial notice of a patent because it is "publicly accessible"); *see also Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F.Supp. 1109, 1114 (N.D. Cal. 1998) (taking judicial notice of issued patents and patent file history documents).

purchase.  (*Id.*).  MV knew that attorneys representing ***Omnicell*** would be contacting Paradissis to work on the assessment.  (*Id.*).  Omnicell referred MV to Kilpatrick attorney William J. Daley.

### B.      The January 23, 2008 Email Between Omnicell and MV

The tort counts in MV's Complaint focus on a single Jan. 23, 2008 email between Bob Schmid, Omnicell's in-house counsel and Paradissis, in which Schmid truthfully explains the parties' agreement on the scope of Omnicell's investigation of MV's technology.  MV did not attach the Schmid email to its Complaint and conveniently left out key passages.  It states in full:

> Hello Mark,
>
> It was a pleasure to speak with you and your father, Pete, yesterday.
>
> I would like to summarize the approach that we discussed in order to confirm that we have the same understanding. I have identified patent counsel with the Townsend and Townsend and Crew law firm to whom you can disclose information relating to the IP that you believe relates to the Rioux Vision carts. This counsel would review this information and possibly discuss it further with you and/or your people. The purpose of this review and discussion is to enable him to provide to Omnicell his assessment relating to the patentability of these features as well as the overall value of the technology behind these features. He would not share with Omnicell the underlying technological descriptions that you would disclose to him, but would provide the assessment mentioned above. For your information, although **this counsel is solely Omnicell's counsel not the counsel of MV Circuit**, this individual is not our regular patent counsel and would not be involved in developing any patent applications on behalf of Omnicell with respect to any technologies similar to those that are disclosed to him by MV Circuit. **Omnicell remains free to develop rights with respect to any similar technologies through patents or otherwise.**
>
> **Omnicell would be responsible for the legal fees generated by this counsel in providing the assessments mentioned above.** MV Circuit, Inc. would remain responsible for the time and resources expended by its people in providing the information to Omnicell's counsel.
>
> If I have captured the understanding correctly, please let me know by responding to this email and I will provide the name and contact information for the patent counsel.

*See* O'Donnell Decl., ¶ 3, Ex. B (emphasis added).  The next day Paradissis responded, "Yes we are in agreement with this email" without further comment, question, or concern.  *Id.*

### C.      The Allegations Against Kilpatrick in the Complaint

Citing only portions of the Schmid email, MV reproduces in each count nearly identical allegations that Kilpatrick either "concurred with" or "agreed with" alleged misrepresentations ***by Omnicell*** that Daley: (1) was not Omnicell's regular patent counsel, (2) "would not be involved in developing any patent applications on behalf of Omnicell with respect to any

3

technologies similar to those that are disclosed to him by MV Circuit" and (3) "would not share with Omnicell the underlying technological descriptions that [MV] would disclose to him." (Compl., ¶¶ 152, 163, 173, 181, 185).  Again, Kilpatrick did not make these representations.

MV also alleges that Kilpatrick wrongfully concealed Omnicell patent applications allegedly incorporating MV technology for which Kilpatrick purportedly had a duty to disclose even though MV knew Kilpatrick was counsel for Omnicell. (*See, e.g.,* Compl., ¶¶ 151, 162). Finally, referring to emails from Daley to Paradissis, MV alleges Kilpatrick somehow defrauded MV by requesting "conception dates" from MV.  *See* O'Donnell Decl., ¶ 4, Ex. C.[2]  Even though these actions were truthful, and done in good faith in the course of Kilpatrick's attorney-client relationship with Omnicell, MV never relied to its detriment on any of the foregoing allegations because it promptly filed its own patent application for technology used in medical carts.

### D.    MV Obtains its Own Patents on Technology Used in Rioux's Carts

Contrary to its allegation that it relied on Kilpatrick's "misrepresentations," MV concurrently engaged its *own* patent counsel to advise it on the patentability of its technology. Within days of being informed that Omnicell was not interested in purchasing MV's technology, Renner Otto—the same firm that filed this suit against Kilpatrick—filed on behalf of MV a patent application covering electronic circuitry used in medical cart technology.  *See* O'Donnell Decl., ¶¶ 5-6, Exs. D-E.  Although this application was rejected by the USPTO as not patentable, Renner Otto filed additional patent applications for MV—also based on electronic circuitry used in Rioux's medical cart technology—that did mature into Patent Nos. 8,085,128 and 8,179,228. *Id.*, ¶¶ 7-9, Exs. F-H.  Thus, there was no detrimental reliance and no resulting injury to MV.

---

[2] The invention date is the date of conception, which is "the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice."  *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994).

### III.     LEGAL STANDARD ON MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.  To defeat such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint must state "with particularity" the circumstances constituting an alleged fraud.  *See* Fed. R. Civ. P. 9(b); *see also Dolan v. Glouster*, 173 Ohio App. 3d 617, 879 N.E.2d 838 (Ohio Ct. App. 2007) (Failure to specifically plead facts constituting an alleged fraud presents a defective claim that may be dismissed).  "In evaluating a motion to dismiss, a court generally cannot look beyond the complaint and attached exhibits." *Brown v. Whirlpool Corp.*, 996 F.Supp.2d 623, 634 (N.D. Ohio. 2014).  "However, exhibits to a motion to dismiss are considered part of the pleadings if the plaintiff's complaint refers to those exhibits and the exhibits are central to plaintiff's claims" and a court may take judicial notice of "matters of public record" without converting a 12(b)(6) motion into a summary judgment motion.  *Id.*

### IV.     ARGUMENT

MV's Complaint against Kilpatrick should be dismissed in its entirety because of the many pleading deficiencies that cannot be overcome by amendment.  As the actions that give rise to MV's Complaint took place, and the parties are domiciled, in different states, this Court must first determine what law to apply to MV's tort claims against Kilpatrick.

#### A.     This Court Should Apply Ohio Law to MV's Tort Claims

Ohio law should apply to MV's tort claims because Ohio has the most significant relationship to the allegations in MV's Complaint.  "In federal question cases, a District Court

5

entertaining pendent state claims should follow the choice of law rules of the forum state."

*Glennon v. Dean Witter Reynolds, Inc.,* 83 F.3d 132, 136 (6th Cir. 1996).  Ohio has adopted the

Restatement (Second) of Conflicts of Law, and this Court must first "look to the restatement

section that corresponds to each claim."  *FDIC v. Commonwealth Land Title Ins. Co.,* 902

F.Supp.2d 1048, 1058 (N.D. Ohio 2012) (citations omitted).  Under the Restatement's choice of

law analysis, if the acts constituting MV's reliance occurred in a state other than where the

Defendants made the representations, as occurred in this case, the Restatement supplies several

factors to apply in deciding upon the law to apply.  *See* Restatement (Second) Conflicts of Laws

§ 148(2) (1989).[3]  Here, because: (1) MV's alleged actions in reliance occurred in Ohio, (2) MV

received the representations in Ohio, (3) MV's principal place of business is in Ohio, and (4) the

disputed technology was allegedly developed in Ohio, Ohio law should govern MV's tort claims.

### B.    MV's Aiding and Abetting Claim Should Be Dismissed as a Matter of Law Because Ohio Does Not Recognize Such a Claim

MV asserts that Kilpatrick aided and abetted Omnicell's and Rioux's tortious acts.

(Compl., ¶¶ 183-188).  However, Ohio does not recognize a claim for aiding and abetting

tortious conduct.  *See DeVries Dairy, L.L.C. v. White Eagle Coop. Ass'n., Inc.*, 974 N.E.2d 1194

(Ohio 2012) (answering in the negative the certified question, "Under the applicable

circumstances, does Ohio recognize a cause of action for tortious acts in concert under the

Restatement (2d) of Torts, § 876?").[4]  MV's aiding and abetting claim fails as a matter of law.

---

[3] These factors include: (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the domicile, residence, nationality, place of incorporation and place of business of the parties, (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.  *Id.* at § 148(2).

[4] *See also Coley v. Lucas Cnty., Ohio*, No. 3:09-cv-0008, 2014 WL 272667, at *12 (N.D. Ohio Jan. 23, 2014) (granting dismissal of aiding and abetting claim because the court did not "find civil aiding and abetting to be a viable claim under Ohio law."); *Grubbs v. Sheakley Grp., Inc.*, No. 1:13-cv-246, 2014 WL 202041, at *7-8 (S.D.

C.     **MV's Negligent Misrepresentation Claim Should Be Dismissed Because MV Failed to Properly Plead the Elements and the Claim Is Barred by the Attorney Immunity Doctrine and the Statute of Limitations**

1.     **MV Failed to Properly Plead the Elements of a Negligent Misrepresentation Claim**

Negligent misrepresentation claims require proof that "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."  *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989). MV's claim should be dismissed for failure to plead that: (1) *Kilpatrick* supplied MV false information in a fiduciary or privity relationship, (2) MV's reliance was justifiable and its injuries were caused by that reliance, and (3) Kilpatrick failed to exercise reasonable care.

a)     **Kilpatrick Did Not Supply False Information**

MV failed to plead that Kilpatrick supplied it with any false information in the context of a "special relationship" required under Ohio law.[5]  Instead, acknowledging that Kilpatrick *is Omnicell's counsel* (Compl., ¶ 50), MV pleads actions and inactions unavailing to a claim of negligent misrepresentation: (1) three allegedly false statements supplied to MV *by Omnicell* that MV alleges Kilpatrick "concurred with," (Compl., ¶ 163), (2) a failure to disclose Omnicell patent applications allegedly based on MV's technology (Compl., ¶ 164), and (3) requests by

_____

Ohio Jan. 17, 2014) (denying motion for leave to amend complaint to add count of "aiding and abetting" fraud on futility grounds because "aiding and abetting claims … are not viable").

[5] *See Ortega v. Wells Fargo Bank, N.A.*, No. 3:11-cv-01734, 2012 WL 275055, at *9 (N.D. Ohio Jan. 31, 2102) (Core requirement in claim for negligent misrepresentation "is a special relationship under which defendant supplied false information to the plaintiff for the latter's guidance in its business transactions."); *see also Stafford v. Jewelers Mutual Ins. Co.*, No. 3:12-cv-050, 2013 WL 796272, at * 7 (S.D. Ohio. Mar. 4, 2013) (Recognizing claim for negligent misrepresentation only "where there is an obligation to advise a professional client.").

7

Kilpatrick to MV for "conception dates."  (Compl., ¶ 164-165).  None of this satisfies the element requiring that Kilpatrick *supply* false information in a special relationship.

Rather than alleging that Kilpatrick supplied false statements, MV alleges only that Kilpatrick "concurred with" the alleged false statements *of Omnicell*.  (Compl., ¶ 163).  MV understandably does not allege in its Complaint how Kilpatrick "concurred with" these statements other than to allege that Daley received a copy of the email from Omnicell to MV in which Omnicell made the alleged false statements. (Compl., ¶ 51).  To the extent Kilpatrick could possibly have agreed with Omnicell's statements by the mere act of receiving a copy of the email in which the statements were made, "concurring with" alleged false statements is not the same as supplying them.  MV's negligent misrepresentation claim thus fails as a matter of law.

Moreover, Kilpatrick's failure to tell MV about Omnicell patent applications does not support a claim of negligent misrepresentation for two reasons.  First, there is no cause of action for negligent failure to disclose.  *See, e.g., Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261 (Ohio App. 1996) ("Negligent misrepresentation does not lie for omissions; there must be some affirmative false statement.").[6]  Indeed, given that MV was aware that Kilpatrick represented Omnicell (Compl., ¶ 50, "[T]his counsel [William Daley] is solely Omnicell's counsel …."), Kilpatrick owed a duty of loyalty and confidentiality to its client Omnicell **not** to reveal its confidences.[7]  Second, even if there was such a cause of action (which there is not), there can be no failure to disclose—negligent or fraudulent—*for that which is already publicly known*.  Here, the '485 Patent claims priority to provisional patent application 60/772,416 (the "'416 Application") filed on Feb. 11, 2006 with the USPTO by Rioux's previous patent counsel,

---

[6] *See also In re Nat. Century Fin. Enter., Inc., Inv. Lit.*, 580 F.Supp.2d 630, 646 (S.D. Ohio 2008) ("A claim for negligent misrepresentation lies only for an affirmative false statement," not for an omission or silence.).
[7] *See* Colo. RPC 1.6(a) (2012) ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent.").

Nexsen Pruet.  *See* O'Donnell Decl., ¶ 10, Ex. I.  Claiming the benefit of the '416 Application, Patent Cooperation Treaty ("PCT") App. No. US07/03765 also was filed by Nexsen Pruet on behalf of Rioux on Feb. 12, 2007 and was ***published to the world on Aug. 23, 2007*** as WO2007/095222, ***over five months <u>before</u> Kilpatrick was first introduced to MV***.  *Id.*, ¶ 2, Ex. A.  Accordingly, MV's negligent misrepresentation claim fails as a matter of law.

Finally, Kilpatrick's request for the "dates of conception" for MV's claimed patentable contributions is just that, ***a request***.  The straightforward request was made in an email exchange between Daley and Paradissis.  *Id.*, ¶ 4, Ex. C.  Paradissis supplied the conception dates without any confusion, question or concern.  Daley's "request" for conception information does not constitute "supplying" false information.  For at least these reasons, MV's negligent misrepresentation claim should be dismissed.

> **b)     MV's Bald Statement on Justifiable Reliance and Damage is Contradicted by Its Own Patent Applications**

MV's allegation that it justifiably relied on, and was damaged by, Kilpatrick's "concurrence with" Omnicell's alleged false statements and failure to disclose Omnicell's patent applications is belied by the fact that, within weeks of receiving those statements, MV applied for the first of ***three*** of its own patents directed at different aspects of electronic circuitry used in medical carts and medication dispensing units.[8]  These three applications named Paradissis and

---

[8] The first application 61/030,310 was filed on Feb. 21, 2008, ***less than <u>one month</u> after*** Kilpatrick's alleged false statements.  *See* O'Donnell Decl., ¶ 5, Ex. D. It named Paradissis as sole inventor and was directed at electronic circuitry for a supplemental power supply system, including for use in medical carts.  *Id.*  The non-provisional application was rejected as not patentable in view of the prior art and went abandoned on June 28, 2011.  *Id.*, ¶¶ 6-7, Exs. E-F.  The second application 12/212,763, claiming the benefit of the '310 application, was filed on Sept. 18, 2008.  *Id.*, ¶ 9, Ex. H.  It names MV employee/contractor William C. Colley III as sole inventor and is directed at electronic circuitry for use in controlling access to secure areas, such as lockable drawers on medication dispensing units.  *Id.*  The '763 application issued on Dec. 27, 2011 as Patent No. 8,085,128.  *Id.*  The third application 12/688,990 is a continuation-in-part of the '763 application and names Paradissis and Colley as inventors.  *Id.*, ¶ 8, Ex. G.  It was filed on Jan. 18, 2010.  The '990 application issued as Patent No. 8,179,228 on May 15, 2012.

another MV employee/contractor as inventors. Patent counsel at Renner Otto—again, the same firm that filed this lawsuit—filed all three applications on behalf of MV.

If MV truly believed that any of its employees were inventors of other aspects of the medical carts that in fact Omnicell/Rioux invented, it could have filed patent claims covering those aspects when it instructed Renner Otto to file any of these patent applications. Tellingly, it did not do so. Accordingly, rather than relying on Kilpatrick's alleged statements and purported failure to disclose Omnicell's patent applications or be damaged by them, MV and Paradissis ignored Omnicell and Kilpatrick and instructed its own counsel to file patent applications for what it no doubt believed at the time were its patentable contributions to the medical carts, *two of which are now issued U.S. patents that MV is free to use, license, or sell*. Accordingly, MV did not properly plead justifiable reliance or proximate cause for the injuries it allegedly suffered.

**c)**      **MV Did Not Plead That Kilpatrick Failed to Exercise Reasonable Care in Communicating the False Information**

Finally, undoubtedly because Kilpatrick never supplied any false information and represented Omnicell, the Complaint is devoid of any allegations that Kilpatrick failed to exercise reasonable care in "communicating" to MV the alleged false statements. For this additional reason, the Complaint should be dismissed for failure to state a claim.

**2.**      **Kilpatrick is Immune from Negligent Misrepresentation Liability To Third Party Non-Client MV**

MV's negligent misrepresentation claim is also barred by the attorney immunity doctrine. Under Ohio law, it "is well settled that 'an attorney is immune from liability to third parties arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously.'" *Lemkin v. Hahn, Loeser & Parks*, No. 2:10-cv-665, 2012 WL 1058951, at *6 (S.D. Ohio Mar. 28, 2012) (granting defendant law firm summary judgment on plaintiff's

10

negligent misrepresentation that, *inter alia*, plaintiff should not be a named inventor on a patent application).[9]  The rationale for this doctrine has long been clear: "the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client."  *Simon v. Zipperstein*, 512 N.E.2d 636, 638 (Ohio 1987).

As the Complaint correctly alleges that Kilpatrick represented Omnicell (Compl., ¶ 50) and does not allege that MV was in privity with Omnicell, the only possible basis for this claim is an allegation that Kilpatrick acted maliciously.  However, MV's claim is understandably devoid of any allegations that Kilpatrick acted with malice toward MV because "by definition, negligent misrepresentation is not a claim that alleges the existence of malice."  *In re Nat. Century Fin. Enter., Inc. Inv. Lit.*, No. 2:03-md-1565, 2008 WL 1995216, at *7 (S.D. Ohio May 5, 2008) (dismissing third-party claim against law firm for negligent misrepresentation under attorney immunity doctrine).[10]  Accordingly, as MV has not alleged privity with Omnicell or malice, and because malice is irrelevant even if it were alleged, MV cannot maintain this claim.

### 3.    MV's Negligent Misrepresentation Claim is Time-Barred

Finally, MV's negligent misrepresentation claim should also be dismissed because it is barred by Ohio's four-year statute of limitations.  A claim for negligent misrepresentation must be brought within four years after the cause thereof accrues.  *See* Ohio Rev. Code § 2305.09.[11]  Under Ohio law, no discovery rule is available to toll the four-year limitation period for a claim of negligent misrepresentation.  *See, e.g., Allen v. Andersen Windows, Inc.*, 913 F.Supp.2d 490,

---

[9] *See also Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 70 (6th Cir. 1996) ("[A]ttorneys enjoy immunity from liability to third persons arising from acts performed in good faith on behalf of, and with the knowledge of, their clients.").

[10] *See also Brady ex rel. Brady v. Hickman & Lowder, Co., L.P.A.*, No. 82461, 2003 WL 22413491, at *3 (Ohio Ct. App. Oct. 23, 2003) (same).

[11] *See also Clemente v. Gardner*, No. 2002-CA-00120, 2004 WL 953700, at *3 (Ohio Ct. App. Apr. 26, 2004); *Lasmer Indus., Inc. v. AM General LLC*, 741 F.Supp.2d 829, 836 (S.D. Ohio 2010).

11

509 (S.D. Ohio 2012) ("Because of [R.C. 2305.09's] specificity, federal and state courts in Ohio have found that the discovery rule does not apply to claims for negligent misrepresentation.").[12]

Accordingly, the limitations period provided for a negligent misrepresentation claim in Ohio "begins to run when the allegedly negligent act is committed, rather than when its damage is discovered." *Svete v. Wunderlich*, No. 2:07-cv-156, 2008 WL 4425509, at *9 (S.D. Ohio. Sept. 30, 2008).[13]  All of the alleged "misrepresentations" in the Complaint took place **well over six years ago in January 2008** and, thus, MV's claim is time-barred.[14]

> **D.     MV's Claims for Fraud and Fraudulent Concealment  Should Be Dismissed for Failure to Properly Plead the Claims and the Claims Are Barred by the Attorney Immunity Doctrine and Statute of Limitations**
>
> **1.     MV Failed to Properly Plead the Fraud Claims**

For its fraud claims, MV must show: "(a) a representation, or where there is a duty to disclose, concealment of a fact; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with intent of misleading another into relying upon it; (e) justifiable reliance upon the representation or concealment; and (f) a resulting injury proximately caused by the reliance." *Koyo Corp. of U.S.A. v. Comerica Bank*, No. 1:10-cv-2557, 2011 WL 4540957, at *6 (N.D. Ohio Sept. 29, 2011) *citing Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984).  MV's fraud claims should be dismissed because it failed to plead with the required particularity: (1) that Kilpatrick made any misrepresentations, (2) that Kilpatrick had any duty to disclose, and (3) justifiable reliance.

---

[12] *See also Chandler v. Schriml*, No. 99AP-1006, 2000 WL 675123, at *3 (Ohio Ct. App. May 25, 2000) ("R.C. 2305.09 has not extended the 'discovery rule' to toll the statute of limitations in negligent misrepresentation cases.")

[13] *See also Hater v. Gradison Div. of McDonald & Co. Securities, Inc.*, 655 N.E. 2d 189, 196 (1995) ("[T]he statute of limitations began to run when the allegedly negligent act was committed….") (internal quotations omitted)

[14] To the extent MV argues that Colorado or California law should apply, those two states have an even shorter statute of limitations of two years for negligent misrepresentation claims.  *See* Colo. Rev. Stat. Ann. § 13-80-102 (West); *Ebrahimi v. E.F. Hutton & Co.*, 794 P.2d 1015, 1017 (Colo. App. 1989); Cal. Civ. Proc. Code § 339 (West); *Ventura Cnty. Nat. Bank v. Macker*, 49 Cal. App. 4th 1528, 1531 (1996).

a)      **MV Did Not Plead With the Requisite Particularity That Kilpatrick Had a Duty to Disclose**

MV failed to plead with particularity facts that show Kilpatrick had a "duty to disclose." *See, e.g., Humphries v. Chicarelli*, No. 1:10-cv-749, 2012 WL 368255, at *5 (S.D. Ohio Feb. 3, 2012) ("The basis of the duty to speak must be pleaded with particularity."). "The duty to disclose arises in situations where one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *Hayes v. Computer Assocs. Int'l, Inc.*, No. 3:02-cv-7452, 2003 WL 21478930, at *5 (N.D. Ohio June 24, 2003). Silence, even in the face of foreseeable injury, is not actionable absent such a relationship. *See Connelly v. Balkwill*, 174 F.Supp. 49, 56 (N.D. Ohio 1959) ("It has long been the rule in Ohio that [] generally speaking, mere silence does not amount to fraud").

In conclusory fashion, MV alleges that Kilpatrick "had a duty to disclose to MV Circuit the true nature of the law firm's work for Omnicell and the existence of the pending patent applications in order to dispel or correct their misleading statements." (Compl., ¶159.) This lone allegation is insufficient as a matter of law for the claim to survive dismissal because it does not allege anything about the relationship between Kilpatrick and MV—much less allege some kind of special relationship—that would give rise to a duty to "correct" true statements made by Omnicell. Further, there is no allegation in the Complaint that Omnicell and MV were anything but parties to an arms-length transaction. In this type of transaction, each party is ordinarily advancing its own interests and not undertaking some special duty for the benefit of the other. *See Nelson v. American Power and Light*, No. 2:08-cv-549, 2010 WL 3219498, *11 (S.D. Ohio Aug. 12, 2010). Here, Kilpatrick was not a party to the proposed transaction between Omnicell and MV. Rather, Kilpatrick was Omnicell's legal counsel. And as MV acknowledges, it ***knew*** that Kilpatrick's attorney-client relationship was with Omnicell and **<u>not</u>** MV. (Compl., ¶ 50,

13

"For your information, although this counsel [William Daley] is solely Omnicell's counsel …."). Because there is no allegation of a special relationship that gives rise to a duty to disclose, MV's fraudulent concealment claim should be dismissed.  *See Nelson*, 2010 WL 3219498 at *11 (granting motion to dismiss because there was no "basis for any claim that, with regard to the lease at issue, [the parties] stood in some type of relationship which, as a matter of law, obliged [the defendant] to disclose any information to [the plaintiff] before she signed her lease.").[15]

### b)     MV Did Not Rely on Kilpatrick's Alleged Fraudulent Representations or Concealment and Suffered No Injury

For the same reasons discussed in Section IV.C.1.b *infra*, MV's filing of its own patents relating to technology used in medical carts and medication dispensing cabinets shows that MV neither relied on, nor was damaged by, any alleged fraudulent statements or misrepresentations.

### 2.     The Attorney Immunity Doctrine Bars MV's Fraud Claims

As discussed in Section IV.C.2 *infra*, Kilpatrick is immune from liability to MV arising from its performance as attorneys acting in good faith on behalf of Omnicell to assess the patentability of MV's technology, unless MV demonstrates that it is in privity with Omnicell or Kilpatrick acted maliciously.  *See Lemkin*, 2012 WL 1058951, at *6.  MV's Complaint is devoid of any allegations that it was in privity with Omnicell.  To challenge Kilpatrick's immunity from liability, MV must, therefore, allege and prove that Kilpatrick acted maliciously in its representation of Omnicell.  "Malice is that state of mind under which a person's conduct is characterized by hatred ill will or a spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."  *In re Nat.*

---

[15] *See also Humphries*, 2012 WL 368255, at *5 (granting motion to dismiss under 12(b)(6) in part because "[i]n this case, Plaintiff [] has not pleaded a cause of action for fraud and has not pleaded with particularity the basis for [Defendant's] alleged duty to speak."); *Randleman v. Fidelity Nat. Title Ins. Co.*, 465 F.Supp.2d 812, 822 (N.D. Ohio 2006) (granting motion to dismiss under 12(b)(6) in part because "[i]n their fraud by concealment claim, plaintiffs insufficiently allege the existence of a duty to speak.").

*Century Fin. Enter., Inc. Inv. Lit.*, No. 2:03-md-1565, 2008 WL 1995216, at *8 (S.D. Ohio May 5, 2008) (internal quotations omitted). The Complaint makes no such malice allegation.

### 3. The Statute of Limitations Bars MV's Fraud Claims

A four-year statute of limitations applies to common-law fraud claims under Ohio law. *See* Ohio Rev. Code § 2305.09 ("[A]n action for any of the following causes shall be brought within four years ... [f]or relief on the ground of fraud."). Generally, a cause of action accrues when the wrongful act was committed. *Id.* MV's fraud allegations are entirely based on activity in ***January 2008***. (Compl., ¶¶ 144-145). Thus, under any reading of § 2305.09, the statute of limitations on this activity expired in January 2012 and the claim is time-barred.[16]

### 4. The Discovery Rule is Unavailable to MV to Toll the Statute of Limitations Because MV Should Have Discovered the Fraud

Ohio law, R.C. § 2305.09, provides a "discovery rule" that tolls the statute of limitations "until the fraud is first discovered" or through the exercise of reasonable diligence it should have been discovered. *See id.*; *see also Goldberg v. Cohen*, No. 01 CA 49, 2002 WL 1371031, at *6 (Ohio Ct. App. June 13, 2002). "No more than a reasonable opportunity to discover the fraud is required to start the period of limitation." *Aluminum Line Prods. Co. v. Brad Smith Roofing Co., Inc.,* 671 N.E.2d 1343, 1352 (Ohio Ct. App. 1996).[17] However, because MV was represented by patent counsel and should have discovered the fraud, the discovery rule is not available to MV.

As to Kilpatrick's alleged concealment of Omnicell's patent applications, public patent documents provide constructive notice triggering claim accrual. *See, e.g., Informatics Applications Group, Inc. v. Shkolnikov*, 836 F.Supp.2d 400, 425 (E.D. Va. 2011) ("[P]ublication

---

[16] To the extent MV argues that Colorado or California law should apply, those two states have an even shorter statute of limitations of three years for fraud claims. *See* Colo. Rev. Stat. Ann. § 13-80-101(c)(West); Cal. Civ. Proc. Code § 338(d)(West).

[17] *See also Investors REIT One v. Jacobs*, 546 N.E.2d 206, 210 (Ohio 1989) ("Depending on the claim and the applicable statute, the date of the discovery may toll the running of the governing statute of limitations until the plaintiff discovers, or in the exercise of reasonable care, should have discovered the complained-of injury.")

of the patent application for the #146 Patent on October 16, 2008 [] was sufficient to place

[plaintiff] on constructive notice and trigger the statute of limitations on [its] fraud claim").[18]

Here, the '485 Patent claims priority to an application (U.S. App. No. 60/772,416, the "'416

Application") filed on Feb. 11, 2006 with the USPTO by Rioux's prior counsel, Nexsen Pruet.

*See* O'Donnell Decl., ¶ 10, Ex. I.  Claiming the benefit of the '416 Application, PCT App. No.

US07/03765 also was filed by Nexsen Pruet on behalf of Rioux on Feb. 12, 2007 and was ***made***

***public on Aug. 23, 2007*** as WO2007/095222, ***over three months before Omnicell even acquired***

***Rioux***.  *Id.*, ¶ 2, Ex. A.  Indeed, the PCT application lists on its face Nexsen Pruet as attorneys of

record.  *Id*.  Kilpatrick and Omnicell could not have concealed the '485 Patent as the application

from which it matured was publicly known in 2007—before the 2008 conversation between

Kilpatrick and MV occurred.[19]  Thus, MV's fraud claims are time-barred.[20]

### 5. The Fraudulent Concealment Doctrine is Also Unavailable to Toll the Statute of Limitations Because MV Failed to Plead Tolling as a Result of the Concealment and it Should Have Discovered the Fraud

MV cannot claim it is entitled to toll the statute of limitations under the fraudulent

concealment doctrine because it failed to properly plead fraudulent concealment in its Complaint

and, in any event, should have discovered the fraud.  "[A]cts constituting fraudulent concealment

of a claim [must] be plead in the complaint."  *Lutz v. Chesapeake Appalachia LLC,* 717 F.3d

459, 475 (6th Cir. 2013) *quoting Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 851 (6th Cir.

---

[18] *See also Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 182 F. App'x. 994, 999 (Fed. Cir. 2006) (same for trade secret misappropriation claim);  *Syntrix Biosystems, Inc. v. Illumina, Inc.*, No. C10-5870, 2013 WL 364722, at *3 (W.D. Wash. Jan. 30, 2013) (same).

[19] Moreover, the non-provisional application preceding the issuance of the '485 Patent (U.S. App. No. 12/278,263) was filed on Mar. 11, 2009 and published on Jan. 7, 2010.  *Id.*, ¶ 11, Ex. J.  This publication made the provisional application publicly available.  *See*  35 U.S.C. § 122(b); *see also* 37 C.F.R. 1.14(a)(1).  Accordingly, MV also had constructive notice of the '485 Patent on Jan. 7, 2010.  Thus, the statute of limitation of four years would have expired on Jan. 7, 2014.

[20] A search of USPTO records would also have revealed two design patents (D547,519 and D549,921) for medical carts issued to Rioux on July 24 and Aug. 28, 2007, respectively, months before Omnicell acquired Rioux and Kilpatrick even first spoke with MV.  *See* O'Donnell Decl., ¶¶ 12-13, Exs. K-L.

2006).  "Plaintiffs must plead three elements: '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence.'"  *Id.*

MV pleaded none of these elements in its fraud counts and with good reason.  "In order to invoke the doctrine of fraudulent concealment, '[a]ffirmative concealment must be shown; mere silence or unwillingness to divulge wrongful activities is not sufficient.'"  *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002).  "Concealment by mere silence is not enough.  There must be some trick or contrivance intended to exclude suspicion and prevent inquiry."  *Id*.  MV has not—and indeed cannot—allege any concealment by Kilpatrick.

As discussed above, Kilpatrick owed a duty of loyalty to its client Omnicell and owed no duty to MV to inform it of Omnicell's patent applications even after they were publicly disclosed through publication by the USPTO and/or WIPO.  Accordingly, Kilpatrick did not wrongfully conceal the patent applications.  MV also did not plead due diligence in its Complaint with the particularity required.  *See Evans,* 434 F.3d at 851 (Plaintiff "failed to plead that she exercised due diligence in discovering the facts … [b]ecause [Plaintiff] failed to plead fraudulent concealment with particularity, the district court properly dismissed her [] claims….").  Indeed, for the reasons stated above (the priority applications to the '485 Patent became public on Feb. 12, 2007 and Jan. 7, 2010, respectively), MV cannot allege due diligence.[21]

Any argument by MV to toll the statute of limitations based on fraudulent concealment also fails because under the fraudulent concealment doctrine, the "statute of limitations may be tolled where there is some conduct of the adverse party, such as misrepresentation, *which excludes suspicion and prevents inquiry*."  *Bryant v. Doe*, 552 N.E.2d 671, 675 (1988) (emphasis

---

[21] *See id.* (The court's "decision squarely determined that [Plaintiff] cannot rely on fraudulent concealment because she possessed 'sufficient evidence to place her on notice of the now-challenged events.'").

added).  However, reliance upon the doctrine "never continues beyond the time that a plaintiff, by exercising reasonable diligence, should have discovered the facts at issue." *Lutz*, 717 F.3d at 475.  MV's sole allegation regarding its discovery of Omnicell's patents and Kilpatrick's role in prosecuting those patents was in May 2013.  (Compl. ¶¶ 72-73).  Regardless of MV's allegation, the relevant inquiry is whether MV, exercising reasonable care, *should have discovered* the alleged injury.  Thus, the statute of limitations arguments discussed above are also dispositive of any MV attempt to rely on fraudulent concealment to toll the statute of limitations.

### E. MV's Conspiracy Claim Should Be Dismissed For Failure to Properly Plead the Elements, as Unsupported by Any Viable Tort Claim and Barred by the Intra-Corporate Conspiracy Doctrine

MV's conspiracy claim cannot succeed because it is not properly pleaded, is unsupported by any viable underlying claim and because Omnicell cannot, as a matter of law, conspire with its own attorneys acting at its direction within the scope of an attorney-client relationship.

### 1. MV Has Not Plead The Elements of Conspiracy With Specificity

Proof of civil conspiracy under Ohio law requires a plaintiff to show the existence of "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998).  Thus, in order to establish a claim for civil conspiracy, the following elements must be proven: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 629 N.E.2d 28, 33 (Ohio 1993).  MV must plead its conspiracy claim "with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *Floyd v. Bank of America, N.A.,* No. 1:13-cv-2072, 2014 WL 3732591, at *10-11 (N.D.

Ohio July 25, 2014) (dismissing civil conspiracy claim for lack of specificity).  Here, MV has

failed to allege any malice in Kilpatrick's alleged conspiratorial actions.

### 2. As MV's Tort Claims Should Be Dismissed, There is No Remaining Underlying Claim to Support the Conspiracy Claim

Conspiracy is not a free-standing tort and, thus, MV must also establish the existence of a

separate, independent wrong.  *See, e.g., Bowshier v. Chrysler Fin. Corp.*, 144 F.Supp.2d 919,

933 (S.D. Ohio 2001) (Civil conspiracy claim cannot succeed without an underlying unlawful

act.).[22]  As MV's conspiracy claim rests on the same facts alleged in its fraud and negligent

misrepresentation claims, these allegations are insufficient for two reasons.  First, the separate

wrong requires an intentional, rather than negligent, act and, thus, MV's conspiracy claim cannot

be premised on its negligent misrepresentation claim even if that cause of action survives

dismissal (which it cannot).  *See, e.g., Hicks v. Bryan Med. Grp., Inc.*, 287 F.Supp.2d 795, 813

(N.D. Ohio 2003) ("malice involved in the tort is that state of mind under which a person does a

wrongful act purposely, without a reasonable or lawful excuse, to the injury of another").

Second, because MV's fraud claims against Kilpatrick are properly excised from this case, there

are no remaining underlying torts to support the claim.  *See Bowshier*, 144 F.Supp.2d at 933-34

("Where all the substantive causes of action on which a conspiracy claim is based are without

merit, a conspiracy claim must also fail.").  Thus, MV's conspiracy claim should be dismissed.

### 3. Kilpatrick Cannot Conspire with Omnicell as a Matter of Law Under the Intra-Corporate Conspiracy Doctrine

In addition to failing to state any underlying cause of action sufficient to support its

conspiracy claim, MV's conspiracy claim is also barred by the intra-corporate conspiracy

doctrine.  Under the intra-corporate conspiracy doctrine, if "all of the defendants are members of

---

[22] *See also Hollinghead v. Bey*, No. L-99-1351, 2000 WL 1005205, at *9 (Ohio Ct. App. July 21, 2000) ("Conspiracy allegations add nothing further to plaintiff's action other than the underlying wrongdoing [that] is the basis of the conspiracy.").

the same collective entity, there are not two separate 'people' to form a conspiracy." *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (barring Section 1985 civil rights claim on intra-corporate conspiracy grounds).  This includes employees and agents of a corporation, including attorneys acting within the scope of the attorney-client relationship.  *See, e.g., Coley*, 2014 WL 272667, at *9 (N.D. Ohio Jan. 23, 2014) (applying intra-corporate conspiracy doctrine to bar state law civil conspiracy claim because "[a] corporation cannot conspire with its own agents or employees").[23]  Daley and Kilpatrick are attorneys for Omnicell and they acted within the scope of the attorney-client relationship in advising Omnicell on MV's technology.  Thus, Omnicell could not conspire as a matter of law with its own attorneys and the claim is barred.

## V.    CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Kilpatrick Townsend & Stockton LLP's Motion to Dismiss for Failure to State a Claim.

KILPATRICK TOWNSEND & STOCKTON LLP

Susan A. Cahoon (*Pro hac vice admission pending*)
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
scahoon@kilpatricktownsend.com

Frederick L. Whitmer (*Pro hac vice admission pending*)
The Grace Building, 1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8773
fwhitmer@kilpatricktownsend.com

Brian P. O'Donnell (*Pro hac vice admission pending*)
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
bodonnell@kilpatricktownsend.com

Respectfully submitted,

/s/ Anthony J. O'Malley
Anthony J. O'Malley (0017506)
Aaron M. Williams (0090319)
VORYS, SATER, SEYMOUR & PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
ajomalley@vorys.com

Attorneys for Defendant
Kilpatrick Townsend & Stockton LLP

---

[23] *See also Horen v. Board of Educ. of Toledo City Sch. Dist.*, 594 F.Supp.2d 833, 842 (N.D. Ohio 2009) ("An attorney representing a client cannot 'conspire' within the attorney-client relationship.")

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 14, 2014, a true and correct copy of the foregoing was filed and served with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to the following:

Luis A. Carrión
RENNER, OTTO, BOISELLE & SKLAR, LLP
1621 Euclid Avenue, 19th Floor
Cleveland, OH 44115


James A. Fussell, III
Janet L. Goetz
Peter J. Toren
Sean J. Williams
WEISBROD MATTEIS & COPLEY PLLC
1200 New Hampshire Avenue, N.W.
Suite 600
Washington, D.C. 20036


                                       /s/ *Anthony J. O'Malley*
                                       Anthony J. O'Malley (0017506)
                                       200 Public Square, Suite 1400
                                       Cleveland, OH 44114
                                       Telephone: (216) 479-6100
                                       Facsimile: (216) 479-6060
                                       ajomalley@vorys.com

                                       *One of the Attorneys for Defendant Kilpatrick*
                                       *Townsend & Stockton LLP*