## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MV CIRCUIT DESIGN, INC.,<br><br>             Plaintiff,<br><br>    v.<br><br>OMNICELL, INC., RIOUX VISION, INC.,<br>and KILPATRICK TOWNSEND &<br>STOCKTON LLP,<br><br>             Defendants. | C.A. No.: 14-cv-02028-DAP<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS OMNICELL, INC. AND RIOUX VISION, INC.'S
### MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND 12(b)(1)

Defendants Omnicell, Inc. and Rioux Vision, Inc. (collectively, "Omnicell") hereby move this Court to dismiss Plaintiff's claims of fraud, fraudulent concealment, conspiracy, and negligent misrepresentation against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Omnicell further moves to dismiss Plaintiff's declaratory judgment claims for lack of standing pursuant to Rule 12(b)(1). Omnicell attaches hereto a memorandum of points and authorities in support of this Motion.

Respectfully submitted,

/s/George M. Moscarino

GEORGE M. MOSCARINO, ESQ. (0019447)
SEAMUS J. McMAHON, ESQ. (0077103)
**MOSCARINO & TREU LLP**
The Hanna Building, Suite 630
1422 Euclid Avenue
Cleveland, OH 44115
Telephone:    (216) 621.1000
Facsimile:    (216) 622.1556
Email:        gmoscarino@mosctreu.com
              smcmahon@mosctreu.com

*Of Counsel:*

Michael G. Rhodes (*Pro Hac Vice* pending)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693.2000
Facsimile: (415) 693.2222
Email: mrhodes@cooley.com

Stephen R. Smith (*Pro Hac Vice* pending)
Laura J. Cunningham (*Pro Hac Vice* pending)
Cooley LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Telephone: (202) 742.7800
Facsimile: (202) 842.7899
Email:    stephen.smith@cooley.com
               lcunningham@cooley.com

Stephen C. Crenshaw (*Pro Hac Vice* pending)
Cooley LLP
11951 Freedom Drive
Reston, VA 20190
Telephone: (703) 456.8000
Facsimile: (703) 456.8100
Email:    screnshaw@cooley.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MV CIRCUIT DESIGN, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>OMNICELL, INC., RIOUX VISION, INC.,<br>and KILPATRICK TOWNSEND &<br>STOCKTON LLP,<br><br>     Defendants. | C.A. No.: 14-cv-02028-DAP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT OMNICELL, INC. AND RIOUX VISION INC.'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND 12(b)(1)**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.    BACKGROUND .................................................................................................. 2

III.    LEGAL STANDARDS ........................................................................................ 4

    A.    Motion to Dismiss Under Rule 12(b)(1) ................................................. 4

    B.    Motion to Dismiss Under Rule 12(b)(6) ................................................. 5

IV.    ARGUMENT ...................................................................................................... 6

    A.    Plaintiff's Fraud Claims Are Defectively Pled and Time Barred ........................ 7

        1.    Plaintiff Fails to Plausibly Suggest That Omnicell Made False Statements or Actionable Omissions ......................................................... 7

        2.    The Remaining Allegations Fail to Establish the Requisite Intent, Reliance, and Harm Elements of Fraud .................................................... 10

        3.    Plaintiff's Fraud Claim is Time-Barred and Cannot Be Saved By the Doctrine of Fraudulent Concealment ................................................. 11

    B.    Plaintiff's Conspiracy Claims Are Likewise Deficient ...................................... 12

    C.    Plaintiff's Negligent Misrepresentation Claim Is Time Barred and Otherwise Defective .......................................................................................... 13

        1.    Plaintiff Does Not Allege That Omnicell Supplied False Information ............................................................................................... 13

        2.    Plaintiff Alleges Omnicell's Acts Were Intentional, Not Negligent ....... 14

        3.    Plaintiff Alleges No Relationship Sufficient to Support A Negligent Misrepresentation Claim ........................................................ 14

        4.    Plaintiff's Negligent Misrepresentation Claim Is Time-Barred.............. 15

    D.    Plaintiff Lacks Standing to Assert Its Declaratory Judgment Claims................. 16

        1.    Inventorship Can No Longer Be Corrected on the PCT Applications and So the Requested Declaratory Judgments Will Have No Effect ...................................................................................... 16

        2.    Plaintiff Lacks Standing With Respect to the '597 PCT Application Because It Alleges No Ownership Interest ......................... 18

V.    CONCLUSION................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 5, 10

*Birkett Williams Ford, Inc. v. E. Woodworking Co.*,
   456 N.E.2d 1304 (Ohio Ct. App. 1982) ................................................................ 12

*Boroff v. Alza Corp.*,
   685 F. Supp. 2d 704 (N.D. Ohio 2010) .................................................................. 6

*Brown v. Whirlpool Corp.*,
   996 F.Supp.2d 623 (N.D. Ohio. 2014) ............................................................... 6, 11

*Browning v. Levy*,
   283 F.3d 761 (6th Cir. 2002) ................................................................................ 11

*Burr v. Bd. of County Comm'rs of Stark Co.*,
   491 N.E.2d 1101 (Ohio 1986) ................................................................................ 7

*Delman v. Cleveland Heights*,
   41 Ohio St. 3d 1; 534 N.E. 2d 835 (1989) ............................................................ 13

*Doe v. SexSearch.com*,
   551 F.3d 412 (6th Cir. 2008) ................................................................................ 14

*Dolan v. Glouster*,
   173 Ohio App. 3d 617, 879 N.E.2d 838 (Ohio Ct. App. 2007) .............................. 5

*Duran v. Mortgage Elec. Registration Sys., Inc.*,
   No. 12-cv-1801, 2013 WL 444450 (N.D. Ohio Feb. 5, 2013) .................................. 5

*Floyd v. Bank of America, N.A.,*
   No. 1:13-cv-2072, 2014 WL 3732591 (N.D. Ohio July 25, 2014) ......................... 12

*Glassner v. RJ Reynolds Tobacco Co.*,
   223 F.3d 343 (6th Cir. 2000) ............................................................................. 7, 10

*Haddon View Inv. Co. v. Coopers & Lybrand*,
   436 N.E.2d 212 (Ohio 1982) ................................................................................ 13

*Hayes v. Computer Assocs. Int'l, Inc.*,
   No. 3:02CV7452, 2003 WL 21478930 (N.D. Ohio June 24, 2003) ........................ 10

i

*HIF BIO, Inc. v. Yung Shin Pharms. Indus. Co.*,
    600 F. 3d 1347 (Fed. Cir. 2010) ........................................................ 16

*Informatics Applications Grp., Inc. v. Shkolnikov*,
    No. 11-cv-726, 2011 WL 4804870 (E.D. Va. Oct. 11, 2011) .................... 18

*Isaac v. Alabanza Corp.*,
    No. 05 JE 55, 2007 WL 901596 (Ohio App. 7 Dist. 2007) ...................... 9

*Kepley v. Lanz*,
    715 F. 3d 969 (6th Cir. 2013) ........................................................... 4

*Klein v. U.S. Dep't of Energy*,
    753 F.3d 576 (6th Cir. 2014) ............................................................. 5

*Larson v. Correct Craft, Inc.*,
    569 F.3d 1319 (Fed. Cir. 2009) ........................................................ 18

*Luburgh v. Bishop*, 2014-Ohio-236,
    2014 WL 273197 (Jan. 24, 2014) ..................................................... 15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................ 5

*Nelson v. Am. Power & Light*,
    No. 2:08-cv-549, 2010 WL 3219498 (S. D. Ohio Aug. 12, 2010) ........... 10

*Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*,
    476 F. Supp. 2d. 809 (2007) ........................................................... 13

*Ortega v. Wells Fargo Bank, NA*,
    No. 11-cv-1734, 2012 WL 275055 (N.D. Ohio Jan. 31, 2012) ............... 14

*Palmer-Donavin Mfg. Co. v. Rheem Sales Co.*,
    No. 14-cv-91, 2014 WL 276665 (S.D. Ohio June 18, 2014) .................. 15

*Picker Int'l Inc. v. Mayo Foundation*,
    6 F. Supp. 2d 685 (N.D. Ohio 1998) ................................................. 15

*Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP*,
    834 F. Supp. 2d 141 (E.D.N.Y. 2011) ............................................... 17

*Rieger v. Podeweltz*,
    2nd Dist. No. 23520, 2010-Ohio-2509 (Ohio Ct. App. June 4, 2010) ...... 5, 6

*Stafford v. Jewelers Mut. Ins. Co.*,
    No. 12-cv-050, 2013 WL 796272 (S.D. Ohio Mar. 4, 2013) ............ 13, 14

*Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*,
    115 Ohio App.3d 137, 684 N.E.2d 1261 (1996) ..................................................................... 14

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009) ............................................................................................ 16

*Universal Coach, Inc. v. New York Transit Auth., Inc.*,
    629 N.E.2d 28 (Ohio Ct. App. 1993) ................................................................................ 6, 12

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*,
    454 U.S. 464 (1982) .............................................................................................................. 4

*Yo-Can, Inc. v. The Yogurt Exchange, Inc.*,
    149 Ohio App.3d 513, 2002-Ohio-5194 (Ohio Ct. App. 2002) ................................................. 9

*Ziegler v. Findlay Indus. Inc.*,
    464 F. Supp. 2d 733 (N.D. Ohio 2006) ................................................................................ 14

**Statutes**

35 U.S.C. § 116 ...................................................................................................................... 16

**Other Authorities**

Ohio Rev. Code § 2305.09 ........................................................................................................ 11

**Rules**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 5, 6, 19

Fed. R. Civ. P. 9(b) .......................................................................................................... 1, 5, 8, 12

Defendants Omnicell, Inc. and Rioux Vision, Inc. (collectively, "Omnicell") respectfully submit this brief in support of their motion to dismiss the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action of Plaintiff MV Circuit Design, Inc.'s ("MV" or "Plaintiff") Complaint to Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.     INTRODUCTION

The Complaint includes a patchwork of fraud and other tort claims that rest on naked conclusions. Despite leveling serious charges of fraud and other wrongdoing against a publically traded company and a national law firm, the Complaint does not plausibly suggest any wrongdoing, let alone meet the exacting pleading requirements of Rule 9(b).

Rioux Vision and Omnicell developed and commercialized innovative medicine-dispensing carts, including the RIO Cart referenced in the Complaint. Omnicell used MV as a supplier of commodity components for the RIO Cart and similar products. MV alleges that while serving as a supplier in January 2008, it disclosed proprietary information to Omnicell's lawyer, William Daley, in the hopes of convincing Omnicell to purchase MV's technology. Omnicell saw little value in MV's offer and declined the deal.

Years later, with its business floundering, MV now offers an unsupported conclusion that information it provided to Omnicell's lawyer nearly seven years ago was subsequently used to prosecute patents for Omnicell. But the Complaint contains insufficient facts to support this conclusion. For example, Plaintiff fails to allege that Mr. Daley disclosed MV's information to any specific person, or to otherwise explain how information given to Mr. Daley allegedly ended up in Omnicell patent applications.

In fact, the scant facts and documents referenced in the Complaint actually contradict Plaintiff's story. Omnicell patent applications referenced in the Complaint actually published *before* MV ever spoke to Omnicell's lawyer. In addition, the Omnicell patents at issue show on

1

their face that the lawyer who allegedly received MV's confidential information, Mr. Daley, was not involved in the prosecution of those patents.

In short, Plaintiff's fraud, conspiracy, and other torts claims rest on conclusory and implausible assertions.  The Court should therefore dismiss these claims with prejudice.  Plaintiff also, as detailed below, lacks standing to bring inventorship claims related to Omnicell's international patent applications and so these claims must likewise be dismissed.

## II.    BACKGROUND

Omnicell acquired Rioux Vision in November 2007.  (Compl. ¶ 48.)  At that time, Rioux Vision sold a medicine-dispensing cart known as the RIO Cart.  (*Id.* ¶ 23.)  MV alleges that in the years leading up to 2007, it "sold" Rioux Vision prototypes of various components used in the RIO Cart.  (*Id.* ¶ 25.)  MV admits, however, that it did not charge or receive payments from Rioux Vision for research and development activities.  (*Id.* ¶ 23.)  Rather, Rioux Vision contracted Plaintiff to provide circuitry, and Plaintiff "charged Rioux Vision only for certain hardware expenses."  (*Id.* ¶¶ 10, 22, 23.)  MV "took steps to protect its confidential information and intellectual property" and never entered into a joint development agreement with Rioux Vision.  (*Id.* ¶¶ 35, 44-46.)  As further detailed below, MV retained ownership of its intellectual property (to the extent such property existed) throughout the course of its dealings with Rioux Vision and Omnicell.

Just weeks after Omnicell acquired Rioux Vision, MV's founder and President Markos Paradissis asked for a meeting with Omnicell in that hopes that Omnicell, having purchased Rioux Vision, might also be interested in purchasing medical cart-related technology from MV.  (*Id.* ¶ 49.)  Mr. Paradissis traveled from Ohio to California to meet with Omnicell and suggested that Omnicell evaluate MV's technology for potential purchase.  (*See id.*)

Omnicell agreed and, shortly thereafter, Omnicell's Associate General Counsel Bob

Schmid telephoned MV to discuss next steps.  (*Id.* ¶ 50.)  Mr. Schmid sent an email to Mr. Paradissis the next day, on January 23, 2008, confirming the substance of their phone call (the "Schmid email").  (*Id.* ¶ 50.)  The Schmid email indicated that Mr. Paradissis could speak to an "individual" at the Kilpatrick firm who would value and assess the technology and who "is not our regular patent counsel."  (*Id.* ¶ 50.)  Mr. Schmid later directed Mr. Paradissis to speak specifically with Mr. William J. Daley, a partner at the Kilpatrick firm.  (*Id.* ¶ 55.)

Plaintiff's tort claims rely solely on the Schmid email.  (*See id.* ¶¶ 128, 138, 145, 152, 163 173, 181, 185.)  In particular, Plaintiff alleges that Mr. Schmid falsely identified Mr. Daley as "not our [Omnicell's] regular patent counsel" because other attorneys at the Kilpatrick firm were working on Omnicell patent applications.  (*E.g., id.* ¶ 52.)  Plaintiff does ***not*** allege, however, that Mr. Daley was ever involved in any Omnicell patent applications.  The file histories for the U.S. patents and patent applications referenced in the Complaint show that Mr. Daley did not make single submission to the U.S. Patent and Trademark Office on behalf of Omnicell, nor is Mr. Daley listed as counsel of record on the face of any patent or patent application cited in the Complaint.  (*See* Decl. of S. Crenshaw, Exs. A-J.)

MV also did not attach the Schmid email to its Complaint and, as detailed in Defendant Kilpatrick's Motion to Dismiss, neglected to quote key passages in which Mr. Schmid highlighted that (1) Mr. Daley would act "***solely*** [as] Omnicell's counsel ***not*** the counsel of MV Circuit," and (2) "***Omnicell remains free to develop rights*** with respect to any similar technologies through patents or otherwise."  Defendant Kilpatrick Mot. to Dismiss, D.I. 24, at 3 (hereinafter, "Kilpatrick Mot.").

Plaintiff claims that after receiving the Schmid email it disclosed proprietary technical information to Mr. Daley.  (Compl. ¶ 55.)  Plaintiff further alleges that "Omnicell subsequently

filed patent applications based on the confidential information" MV disclosed to Mr. Daley. (*E.g.*, *id.* ¶ 132.)  But at the time of the Schmid email in January 2008, before MV disclosed anything to Mr. Daley, Rioux Vision had ***already filed*** patent applications directed to the medical cart technology at issue in the Complaint.  In fact, as shown in the chart below, most of the patent applications referenced in the Complaint were filed prior to January 2008.

|  | Patent / Application No. | Filing / Publication Date |
|---|---|---|
| First Cause of Action | U.S. 8,180,485 | Feb. 11, 2006 / Jan. 7, 2010 |
| Second Cause of Action | U.S. 8,773,270 | Feb. 11, 2006 / July 12, 2012 |
| Third Cause of Action | U.S. 8,812,153 | Feb. 12, 2007 / Sept. 12, 2012 |
| Fourth Cause of Action | PCT App. No. US2007/003765 | Feb. 12, 2007 / Aug. 23, 2007 |
| Fifth Cause of Action | PCT App. No. US2011/063597 | Dec. 6, 2011 / June 14, 2012 |
| Sixth Cause of Action | PCT App. No. US2011/0635505 | Dec. 6, 2011 / June 14, 2012 |

(Decl. of S. Crenshaw, Exs. A, C, E, H, I, and J.)

While in negotiations with Omnicell in January 2008, MV concurrently engaged its ***own*** patent counsel Renner Otto to advise it on the patentability of its technology.  *See* Kilpatrick Mot. at 4.  On February 21, 2008, less than a month after the Schmid email, Renner Otto—the same firm that filed this lawsuit—filed on behalf of MV a patent application covering electronic circuitry used in medical cart technology.  *See id.*  Renner Otto subsequently filed additional patent applications for MV, also based on electronic circuitry used in Rioux Vision's medical cart technology, which issued as Patent Nos. 8,085,128 and 8,179,228.  *See id.*

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss Under Rule 12(b)(1)

Standing is a "bedrock requirement" of federal jurisdiction.  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982); *accord Kepley v. Lanz*, 715 F. 3d 969, 972 (6th Cir. 2013).  Plaintiff bears the burden of establishing standing.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The requirements of standing are:  (1) an injury; (2) a causal connection between the alleged injury and the defendant's conduct; and (3) redressability, *i.e.*, that the injury will "likely … be redressed by a favorable decision."  *Klein v. U.S. Dep't of Energy*, 753 F.3d 576, 579 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560-61).  Where a Plaintiff cannot show the requirements for standing, the Court should dismiss the claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *Duran v. Mortgage Elec. Registration Sys., Inc.*, No. 12-cv-1801, 2013 WL 444450, at *2 (N.D. Ohio Feb. 5, 2013).

### B.      Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] formulaic recitation of the elements of a cause of action will not do," and a plaintiff must include factual allegations sufficient to "raise a right to relief above the speculative level."  *Id.*  A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Merely reciting "labels and conclusions" is not enough.  *Twombly*, 550 U.S. at 555.

In addition, a complaint must state "with particularity" the circumstances constituting an alleged fraud or conspiracy.  *See* Fed. R. Civ. P. 9(b); *see also Dolan v. Glouster*, 173 Ohio App. 3d 617, 879 N.E.2d 838 (Ohio Ct. App. 2007).  "The 'particularity' requirement of Rule 9(b) means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud."  *Rieger v. Podeweltz*, 2nd Dist. No. 23520, 2010-Ohio-2509, ¶ 9 (Ohio Ct. App. June 4, 2010).  "Failure to specifically plead the operative facts

5

constituting an alleged fraud presents a defective claim that may be dismissed." *Id.* (*citing Universal Coach, Inc. v. New York Transit Auth., Inc.*, 629 N.E.2d 28 (Ohio Ct. App. 1993)).

In deciding a motion to dismiss, a court may consider exhibits to the motion where "the plaintiff's complaint refers to those exhibits and the exhibits are central to plaintiff's claims." generally cannot look beyond the complaint and attached exhibits." *Brown v. Whirlpool Corp.*, 996 F.Supp.2d 623, 634 (N.D. Ohio. 2014).  A court may also take judicial notice of "matters of public record" in deciding a 12(b)(6) motion.  *Id.*

## IV.  ARGUMENT

Plaintiff alleges no plausible, particularized facts to support its laundry list of tort claims.[1] At best, Plaintiff alleges that it voluntarily disclosed confidential information to Mr. Daley at the Kilpatrick firm and somehow, that information was subsequently used to prosecute Omnicell patents.  The Complaint omits the basic "who, what, where, when, and how" details necessary to plausibly suggest fraud or other wrongdoing with the particularized detail Rule 9(b) demands. *See Boroff v. Alza Corp.*, 685 F. Supp. 2d 704, 711 (N.D. Ohio 2010) (dismissing fraud claims based on "vague and conclusory" allegations).

Instead, Plaintiff's claims of fraud, conspiracy, and negligent misrepresentation rest on Plaintiff's unsupported conclusion that the Schmid email contains false statements.  Other facts pled in the Complaint show the allegedly false statements were true.  Plaintiff also cannot state its claims by relying on alleged omissions because it does not and cannot allege that Omnicell, a mere customer of MV, had any duty of disclosure to MV.  These deficiencies, not to mention that all of Plaintiff's tort claims are time-barred, require dismissal of Plaintiff's tort claims under Rule 12(b)(6).

---

[1] For the reasons detailed in Kilpatrick's Motion to Dismiss, Omnicell submits that Ohio law applies to Plaintiff's tort claims.  *See* Kilpatrick Mot. at 5-6.  If Plaintiff argues that another state's law applies, Omnicell reserves the right to address such arguments in its reply.

Plaintiff also lacks standing to maintain its claims for correction of inventorship on Omnicell's international patent applications. The applicable regulations do not allow for such correction given how long ago the applications were filed. Plaintiff's requested declaratory judgments therefore cannot redress the alleged harm. Because Plaintiff lacks standing, the Court must dismiss these claims under Rule 12(b)(1).

### A.    Plaintiff's Fraud Claims Are Defectively Pled and Time Barred.

To withstand a motion to dismiss its fraud claims, MV must allege with particularity: (1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Glassner v. RJ Reynolds Tobacco Co.*, 223 F.3d 343, 352 (6th Cir. 2000) (citing *Burr v. Bd. of County Comm'rs of Stark Co.*, 491 N.E.2d 1101, 1105 (Ohio 1986)).

As detailed below, Plaintiff fails to plausibly allege that Omnicell made any false statements or actionable omissions or acted with malicious intent, and similarly fails to plead MV justifiably relied on or was injured by Omnicell's alleged statements.

### 1.    Plaintiff Fails to Plausibly Suggest That Omnicell Made False Statements or Actionable Omissions.

MV claims of fraud are based on four "false and misleading" statements in the Schmid email. Yet, as set forth below, Plaintiff alleges no facts to plausibly suggest that the statements are false, and in fact, pleads other facts indicating the statements are true.

- Mr. Daley *"is not our regular patent counsel"* and *"would not be involved in developing any patent applications on behalf of Omnicell with respect to any technologies similar to those that are disclosed to him by MV Circuit."* (Compl. ¶ 145.)

7

MV pleads no facts suggesting that Mr. Daley was actually Omnicell's regular patent counsel.  The Complaint alleges instead that other attorneys in the Kilpatrick firm, not Mr. Daley, prosecuted patents on Omnicell's behalf.  (*E.g.*, *id* ¶ 52.)  MV fails to allege that Mr. Daley *ever* prosecuted Omnicell's patents, let alone that he did so regularly.

Plaintiff likewise offers no facts to suggest Mr. Daley was involved in prosecuting Omnicell patents covering subject matter similar to what MV disclosed.  The face of the patents and patent applications referenced in the Complaint rebut any such assertion.  Mr. Daley's name does not appear anywhere in the file histories of these patents and he is not listed on the face of these patents as a prosecuting attorney.  The Complaint does not allege that Mr. Daley consulted with, spoke to, or had any connection whatsoever with the other Kilpatrick attorneys who prosecuted Omnicell's patents.  Plaintiff therefore fails to plead how information given to Mr. Daley allegedly ended up in Omnicell patent applications.  These allegations therefore fail to suggest that these statements in the Schmid email were false, let alone provide the particularity required by Rule 9(b).

- Mr. Daley *"would not share with Omnicell the underlying technological descriptions that [MV Circuit] would disclose to him."*  (Compl. ¶ 145.)

Plaintiff pleads *no* facts, much less facts exhibiting the requisite particularity, alleging that Mr. Daley intended to or in fact did share MV's underlying technological descriptions with anyone at Omnicell.  MV's sole basis for this allegation is that Kilpatrick was prosecuting the '765 PCT Application on behalf of Omnicell in 2008.  (*See id.*)  But the '765 PCT Application published on August 23, 2007, five months *prior* to Mr. Daley's first alleged contact with MV in January 2008.  (*See, e.g., id.* ¶ 55.)  Plaintiff also does not allege that Mr. Daley actually disclosed MV's proprietary information to any specific person at the Kilpatrick firm or at Omnicell.  This alleged statement therefore does not support Plaintiff's fraud claim.

- *"[I]f MV Circuit disclosed its intellectual property and inventions related to the RIO Cart, Omnicell would assess its value and patentability."* (Compl. ¶ 144.)

Plaintiff cannot plausibly suggest this statement is false because, on its face, the Complaint alleges Omnicell did in fact assess MV's technology.  After discussions with Mr. Paradissis, Omnicell allegedly traveled to Ohio to meet with Plaintiff and "spent hours learning about MV's technology."  (*Id.* ¶ 59.)  Omnicell then allegedly offered to buy the circuitry used in the RIO Cart, although only at a low price Plaintiff chose not to accept.  (*See id.* ¶ 60 ("Omnicell and MV Circuit failed to reach an agreement on the value of MV Circuit's intellectual property").)

Furthermore, Omnicell's alleged commitment to assess and value MV's intellectual property, at most, constitutes a future promise insufficient to support a claim of fraud.  *See Yo-Can, Inc. v. The Yogurt Exchange, Inc.*, 149 Ohio App.3d 513, 2002-Ohio-5194 (Ohio Ct. App. 2002) (fraud generally cannot be "predicated on a representation concerning a future event, as such representation is more in the nature of a promise or contract or constitutes mere predictions or opinions about [ ] the future."); *see also Isaac v. Alabanza Corp.*, No. 05 JE 55, 2007 WL 901596, at *6 (Ohio App. 7 Dist. 2007) (rejecting reliance on representation regarding future events because plaintiff did not allege that the statement was made "with a present intention not to perform the promise").

Finally, to the extent Plaintiff claims fraud or fraudulent concealment based on Omnicell's failure to disclose its patent applications to MV, such claims are legally deficient.  MV alleges no relationship sufficient to give rise to a duty to disclose and, as such, any omission by Omnicell is not actionable.  MV alleges Omnicell had a duty to disclose its patent applications because of a "continuing relationship of trust" between them, but MV fails to explain or substantiate this vague allegation.  (*See, e.g.* Compl. ¶ 126.)  The only concrete

relationship alleged in the Complaint is that Omnicell was a customer of MV, which itself creates no duty of disclosure. *See Nelson v. Am. Power & Light*, No. 2:08-cv-549, 2010 WL 3219498, at *10 (S. D. Ohio Aug. 12, 2010) (the duty to speak "does not arise in the course of an ordinary arms-length business transaction."); *Hayes v. Computer Assocs. Int'l, Inc.*, No. 3:02CV7452, 2003 WL 21478930, at *5 (N.D. Ohio June 24, 2003) (duty to disclose requires that "one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them.").

### 2. The Remaining Allegations Fail to Establish the Requisite Intent, Reliance, and Harm Elements of Fraud.

As for the remaining elements of fraud, Plaintiff offers nothing more than a "formulaic recitation of the elements" devoid of factual context. *See Twombly,* 550 U.S. at 1965. Specifically, Plaintiff alleges that Omnicell's statements were "made with the intent to deceive MV Circuit;" that MV "justifiably relied on Omnicell's false and misleading statements;" and that MV was injured as a result of being "stripped of its property rights in the cart." (Compl. ¶¶ 146-, 147, 149.) These allegations boil down to nothing more than "you committed fraud because we say so." *See Glassner*, 223 F.3d at 353-54 (affirming dismissal for failure to plead reliance and harm with particularity). Moreover, several key facts undermine MV's conclusory statements regarding intent, justifiable reliance, and injury.

First, far from hiding its inventions from Plaintiff or anyone else, Omnicell had disclosed its inventions to the world **before** the alleged false statements in the January 2008 Schmid email. Omnicell's '765 PCT Application published five months earlier in August 2007. By virtue of the '765 Application's publication, Omnicell could not – and had no reason to – hide the existence of its pending patent application on medicine-dispensing cart technology.

Second, MV began filing its own patent applications just a month after its disclosure of technical information to Mr. Daley at Kilpatrick.  *See* Kilpatrick Mot. at 4.  To the extent MV had any patentable intellectual property (disclosed to Mr. Daley or otherwise), it could have and presumably did include it in its patent applications.  MV actually owns multiple issued patents in the medical cart space.  *See id.*  Any claims of injury based on the alleged disclosure in 2008 are illogical because in the intervening six years, MV has gone on to prosecute and obtain its own patents in this space.[2]

### 3.    Plaintiff's Fraud Claim is Time-Barred and Cannot Be Saved By the Doctrine of Fraudulent Concealment.

As discussed above, MV's fraud allegations against Omnicell are based entirely on the January 2008 Schmid email.  (Compl. ¶¶ 144-45.)  A four-year statute of limitations applies to Plaintiff's fraud claims.  *See* Ohio Rev. Code § 2305.09.  Absent special circumstances that toll the statute of limitations, such as application of the discovery rule or the doctrine of fraudulent concealment, MV's purported fraud claim expired in January *2012*, years before MV filed suit.  For the reasons detailed in Kilpatrick's Motion at 15-16, the discovery rule is inapplicable because Plaintiff fails to establish that it exercised reasonable diligence.

Plaintiff also cannot circumvent the statute of limitations based on fraudulent concealment.  This equitable doctrine allows a party to toll the statute of limitations where a plaintiff pleads with particularity "some trick or contrivance intended to exclude suspicion and prevent inquiry."[3]  *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002) (quotations omitted).

---

[2] MV Circuit cites its lack of patents as the injury resulting from Omnicell's alleged fraud. (Compl. ¶ 149.)  Thus, the existence of MV Circuit patents is central to MV Circuit's claims and may be properly considered on this motion to dismiss.  *See Brown*, 996 F. Supp. 2d at 634.

[3] The full list of elements that must be pled are:  (1) that defendant wrongfully concealed from plaintiff something he had a duty to disclose; (2) that plaintiff failed to discover the facts which form the basis of his claim during the statutory period; and (3) that plaintiff exercised due

But plaintiff fails to allege the requisite elements.  First, as discussed above, Plaintiff did not plead that Omnicell had a duty to disclose the allegedly concealed information to MV.  Second, Plaintiff fails to allege that MV exercised diligence until discovering the allegedly concealed facts.  Plaintiff also admits that it learned of Omnicell's patents/applications and Kilpatrick's role in prosecuting those patents/applications at least as early as May 2013, yet MV failed to file suit until September 2014.  (Compl. ¶¶ 72-73.)  Plaintiff therefore cannot rely on the doctrine of fraudulent concealment to avoid the applicable statute of limitations.

### B.     Plaintiff's Conspiracy Claims Are Likewise Deficient.

Conspiracy, like fraud, must be plead particularity pursuant to Rule 9(b).  *Floyd v. Bank of America, N.A.,* No. 1:13-cv-2072, 2014 WL 3732591, at *10-11 (N.D. Ohio July 25, 2014). MV's conspiracy allegations against Omnicell, Rioux Vision, and Kilpatrick lack particularized detail and do not cover all requisite elements.[4]  For example, MV does not allege any malice or malicious intent on the part of Omnicell, Rioux Vision, or Kilpatrick.  (*See* Compl. ¶¶ 179-82.) In addition, as detailed in Kilpatrick's Motion at 19, Plaintiff fails to allege the existence of a separate, independently wrong act.

Furthermore, at the time of the alleged fraud, Kilpatrick and Mr. Daley were acting as attorneys for Omnicell within the scope of an attorney-client relationship and therefore, as detailed in Kilpatrick's Motion at 19-20, the intra-corporate conspiracy doctrine precludes a claim that Omnicell and its own attorneys are liable for conspiracy.  This is a fatal defect that cannot be cured by amendment.  Plaintiff's conspiracy claim should therefore be dismissed with prejudice.

---

diligence until the facts were discovered.  *Birkett Williams Ford, Inc. v. E. Woodworking Co.*, 456 N.E.2d 1304, 1307 (Ohio Ct. App. 1982).

[4]  Under Ohio Law, civil conspiracy requires the following elements: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy."  *Universal Coach,* 629 N.E.2d at 33.

### C.     Plaintiff's Negligent Misrepresentation Claim Is Time Barred and Otherwise Defective.

Plaintiff's negligent misrepresentation claim merely recycles the same cursory allegations from its fraud claims under a different cause of action.  These allegations do not state a claim for negligent misrepresentation because they show no false statements and no act of negligence.[5] This claim also fails because negligent misrepresentation occurs only in the context of a special relationship akin to "an obligation to advise a professional client," which is nothing close to the buyer/seller relationship Plaintiff alleges here.  *See Stafford v. Jewelers Mut. Ins. Co.*,  No. 12-cv-050, 2013 WL 796272, at *7 (S.D. Ohio Mar. 4, 2013) ("While Ohio has recognized the tort of negligent misrepresentation, Ohio has only recognized this tort where there is an obligation to advise a professional client." (citing *Haddon View Inv. Co. v. Coopers & Lybrand*, 436 N.E.2d 212, 214-15 (Ohio 1982)).

### 1.     Plaintiff Does Not Allege That Omnicell Supplied False Information.

Plaintiff's claim for negligent misrepresentation rests on the same four statements from the Schmid email cited in support of its fraud claim, identified *supra* at 7-9.  (*See* Compl. ¶¶ 137-38.)  But as discussed above, Plaintiff does not plausibly allege that any of these statements are false.  At most, Plaintiff suggests that Omnicell **omitted** the fact that lawyers other than Mr. Daley working at the Kilpatrick firm were prosecuting patent applications on behalf of Omnicell. (*Id.*)  This alleged omission cannot give rise to a negligent misrepresentation claim.  *Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, 476 F. Supp. 2d. 809, 821 (2007) ("A claim of negligent misrepresentation does not lie for omissions; there must be some

---

[5] Under Ohio law, negligent misrepresentation requires that a defendant:  (1) supplies false information; (2) for the guidance of others in their business transactions; (3) causing pecuniary loss to the plaintiff; (4) while the plaintiff justifiably relied upon the information; and (5) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information.  *Delman v. Cleveland Heights*, 41 Ohio St. 3d 1, 4; 534 N.E. 2d 835 (1989).

affirmative false statement." (citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 149, 684 N.E.2d 1261 (1996))).

### 2.  Plaintiff Alleges Omnicell's Acts Were Intentional, Not Negligent.

Plaintiff also fails to plead that Omnicell acted negligently – indeed, the word "negligence" appears nowhere in the Complaint.  Rather, Plaintiff alleges as that "Omnicell and Rioux Vision misled and deceived MV Circuit" by intentionally making "false and misleading statements." (Compl. ¶¶ 136-38.)  Plaintiff cannot state a claim for ***negligent*** misrepresentation by alleging ***intentional*** false statements.  *See Stafford*, 2013 WL 796272 at \*7 ("False statements knowingly and intentionally made are clearly not negligent misrepresentations.").

### 3.  Plaintiff Alleges No Relationship Sufficient to Support A Negligent Misrepresentation Claim.

The Court must also dismiss this claim because Plaintiff does not and cannot allege that Omnicell had any cognizable duty to MV – a necessary prerequisite to state a claim for negligent misrepresentation.  *See Ortega v. Wells Fargo Bank, NA,* No. 11-cv-1734, 2012 WL 275055, at \*9 (N.D. Ohio Jan. 31, 2012) ("Lacking any evidence of a duty on the part of the defendant to the plaintiff that would suffice to maintain a negligent representation claim, I dismiss.").  Ohio courts have emphasized that "[a] core requirement in a claim for negligent misrepresentation is a ***special relationship*** under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction." *Ziegler v. Findlay Indus*. *Inc.*, 464 F. Supp. 2d 733, 738 (N.D. Ohio 2006) (internal quotation omitted, emphasis added); *accord Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008) (customer relationship could not give rise to negligent misrepresentation claim).

The Complaint alleges no concrete relationship between Plaintiff and Omnicell beyond a "continuing relationship of trust." (*E.g.*, Compl. ¶ 135.)  This vague assertion does not plausibly

suggest any duty owed by Omnicell to MV.  Moreover, even assuming some "relationship of trust" existed, this is a far cry from the type of "special relationship" required here.  For example, Plaintiff alleges no obligation to provide professional advice or services "like that between client and accountant or client and attorney," as is typically required to state a claim for negligent misrepresentation.  *Palmer-Donavin Mfg. Co. v. Rheem Sales Co.*, No. 14-cv-91, 2014 WL 276665, at *8 (S.D. Ohio June 18, 2014) ("The amended complaint does not allege, nor [ ] could it cogently allege, that Rheem supplied information to Palmer-Donavin for guidance as part of a special relationship like that between client and accountant or client and attorney.").

Omnicell's alleged buyer/seller relationship with MV also cannot support a claim of negligent misrepresentation.  (*See, e.g.*, Compl. ¶¶ 60-61); *Picker Int'l Inc. v. Mayo Foundation*, 6 F. Supp. 2d 685, 689 (N.D. Ohio 1998) ("an arms length agreement" between buyer and seller cannot give rise to a negligent misrepresentation claim).  The alleged collaboration between Plaintiff and Rioux Vision/Omnicell with respect to the RIO Cart is likewise insufficient.  *See Palmer-Donavin Mfg.*, 2014 WL 276665, at *8 ("Although 40 years of cooperation between two companies doubtless forges a special relationship of a sort, the relationship pled in this case is not the kind of relationship that is a necessary prerequisite of a claim for negligent misrepresentation.").

### 4.     Plaintiff's Negligent Misrepresentation Claim Is Time-Barred.

Ohio law places a four-year claims statute of limitations on negligent misrepresentation claims.  Ohio Rev. Code Ann. § 2305.09(D).  Because the Schmid email statements occurred in January 2008, the statute of limitations for Plaintiff's negligent misrepresentation claim expired in January 2012.  *Luburgh v. Bishop*, 2014-Ohio-236, 2014 WL 273197 (Jan. 24, 2014). Accordingly, as further detailed in Kilpatrick's Motion at 11-12, Plaintiff's negligent misrepresentation claim is time-barred and should be dismissed.

Because Plaintiff has not and cannot plausibly allege that Omnicell made false statements, acted negligently, or had a relationship to MV sufficient to give rise to a claim for negligent misrepresentation, Plaintiff cannot plead the elements of this claim and the Court should dismiss it.

### D. Plaintiff Lacks Standing to Assert Its Declaratory Judgment Claims.

Separately from its tort claims, Plaintiff seeks declaratory judgments compelling Omnicell to correct inventorship designations on three patent applications filed under the Patent Cooperation Treaty (PCT): the "'765 PCT Application" (fourth cause of action); "'597 PCT Application" (fifth cause of action); and the "'505 PCT Application" (sixth cause of action).[6] (Compl. ¶¶ 106-123.) PCT regulations, however, do not allow for correction of the inventorship statements in these applications due to the length of time since their filing. Plaintiff therefore lacks standing with respect to these claims because the requested declaratory judgments cannot redress the alleged injury. Plaintiff also lacks standing with respect to the '597 PCT Application because it has not pled any facts establishing MV has an ownership interest in this application.

### 1. Inventorship Can No Longer Be Corrected on the PCT Applications and So the Requested Declaratory Judgments Will Have No Effect.

The PCT provides a unified procedure for filing a single patent application in multiple countries. *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1408 (Fed. Cir. 2009). The

---

[6] Paragraph 117 also requests the Court to enter a declaration compelling Omnicell to name MV Circuit employees as inventors on "the Foreign Medication Dispensing Cart Patent Applications," but Plaintiff fails to identify or define or explain the applications to which this phrase is intended to refer. The extent Plaintiff is requesting that the Court order any relief with respect to pending U.S. Application 13/312,817 ("the '817 Application") (*see, e.g.,* Compl. ¶ 114), the Court must dismiss this claim because only the U.S. Patent and Trademark Office (USPTO), not district courts, can correct inventorship of a pending U.S. patent application. 35 U.S.C. § 116; *HIF BIO, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F. 3d 1347, 1353 (Fed. Cir. 2010) (Plaintiff's request for a declaration of the "true inventor" of a pending U.S. patent application "can only be granted by the Director of the [USPTO]," because "§ 116 does not provide a private right of action to challenge inventorship of a pending patent application.").

PCT process begins with an applicant filing a patent application in one participating country, and then requesting the World Intellectual Property Organization (WIPO) to transmit copies of the application to the patent offices of select PCT member countries.  *Id.*  Generally, the PCT application must be transmitted to the desired national offices no later than 30 months after the application priority date.  PCT, 28 U.S.T. 7645, Art. 22(1); *see also Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP*, 834 F. Supp. 2d 141, 149 (E.D.N.Y. 2011) ("after a PCT application is filed, the applicant must pursue patents in each individual country—the so-called "national phase"—within twenty to thirty months of the 'priority filing date'").

WIPO regulations permit recordation of changes to named inventors on PCT applications *only* if WIPO receives the request "before the expiration of 30 months (regardless of the precise time limit applicable, Office by Office, such as 31 months or later) from the priority date."  *PCT Applicant's Guide*, Ch. 11.020, *available at* http://www.wipo.int/pct/en/appguide/text.jsp?page=ip11.html#_changes_applicant;  WIPO Rule 92*bis*.1(b) ("WIPO "***shall not*** record the requested change if the request for recording is received by it after the expiration of 30 months from the priority date." (emphasis added)), *available at* http://www.wipo.int/pct/en/texts/rules/r92bis.htm.

The 30 month time limit in which to request changes to the'765 PCT Application, '597 PCT Application, and '505 PCT Application has expired.  The '765 PCT Application on its face states a priority date of February 11, 2006 and the '597 and '505 PCT Applications both state a priority date of December 6, 2010.  (Decl. of S. Crenshaw, Exs. H-J.)  Because WIPO will no longer record corrections to these applications, the requested judgments will not redress the alleged omission of inventors.  Plaintiff therefore lacks standing to pursue these claims.

2.      **Plaintiff Lacks Standing With Respect to the '597 PCT Application Because It Alleges No Ownership Interest.**

Plaintiff's fifth cause of action alleges that Markos Paradissis, William Colley, Neil Kammiller, and Michael Mott should have been named as inventors on the '597 PCT Application.  (*Id.* ¶ 116.)  MV did not join any of these individuals as plaintiffs.  MV also does not allege that any of these purported inventors assigned their putative ownership rights in the '597 PCT Application to MV.[7]

Because Plaintiff has not established any ownership interest in the '597 PCT Application, Plaintiff has not demonstrated injury based on the alleged omission of inventors, nor how adding these individuals as inventors would redress any such injury.  For this additional reason, Plaintiff lacks standing to pursue its fifth cause of action.  *See Informatics Applications Grp., Inc. v. Shkolnikov*, No. 11-cv-726, 2011 WL 4804870, at *6 (E.D. Va. Oct. 11, 2011) (dismissing claim for lack of standing where plaintiff "failed to demonstrate how [plaintiff's executive's] omission from the '553 patent caused it injury, or how adding him as an inventor would provide it redress.");[8] *accord Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326-27 (Fed. Cir. 2009) (plaintiff lacked standing to maintain an action for correction of inventorship where adding the allegedly omitted inventor would not give plaintiff an ownership interest in the patent).

Because Plaintiff lacks standing to pursue its fourth, fifth, and six causes of action, the Court should dismiss these claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[7] The absence of such an allegation is telling given that Plaintiff does allege Mr. Paradissis, Mr. Colley, and Mr. Mott to have assigned to MV Circuit putative intellectual property rights pertaining to other patents referenced in the Complaint.  (*See* Compl. ¶¶ 96, 104.)

[8] MV Circuit is even further removed from its inventorship claim than the plaintiff in *Informatics Applications* because three of the four individuals MV Circuit alleges should have been named as inventors on the '597 PCT Application are former, not current, employees.  (*See* Compl. ¶ 10 ("William Colley … *was* MV Circuit's lead electrical engineer … Neil Kammiller … *was* a senior electrical engineer at MV Circuit … Michael Mott … *was* the lead software engineer at MV Circuit ….")

## V.       CONCLUSION

For the foregoing reasons, Omnicell respectfully requests that Court dismiss the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Thirteenth Causes of Action pled in the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).


Dated: November 14, 2014                    Respectfully submitted,


                                            /s/ George M. Moscarino
                                            George M. Moscarino, Esq. (0019447)
                                            Seamus J. McMahon, Esq. (0077103)
                                            Moscarino & Treu LLP
                                            The Hanna Building
                                            1422 Euclid Avenue, Suite 630
                                            Cleveland, Ohio 44115
                                            Telephone: (216) 621-1000
                                            Facsimiles: (216) 622-1556
                                            Email:      gmoscarino@mosctreu.com
                                                        smcmahon@mosctreu.com

                                            *Counsel for Defendants*
                                            *Omnicell, Inc. and Rioux Vision, Inc.*

*Of Counsel:*

Michael G. Rhodes (*Pro Hac Vice* pending)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693.2000
Facsimile: (415) 693.2222
Email: mrhodes@cooley.com

Stephen R. Smith (*Pro Hac Vice* pending)          Stephen C. Crenshaw (*Pro Hac Vice* pending)
Laura J. Cunningham (*Pro Hac Vice* pending)       Cooley LLP
Cooley LLP                                         11951 Freedom Drive
1299 Pennsylvania Ave., NW, Suite 700              Reston, VA 20190
Washington, DC 20004                               Telephone: (703) 456.8000
Telephone: (202) 742.7800                          Facsimile: (703) 456.8100
Facsimile: (202) 842.7899                          Email:      screnshaw@cooley.com
Email:      stephen.smith@cooley.com
            lcunningham@cooley.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2014, a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/George M. Moscarino

GEORGE M. MOSCARINO, ESQ.
SEAMUS J. McMAHON, ESQ.

*Counsel for Defendants*
*Omnicell, Inc. and Rioux Vision Inc.*

## RULE 7.1(f) CERTIFICATION OF COUNSEL

The undersigned counsel certifies, pursuant to L.R. 7.1(f), that: (1) this matter has not yet been assigned to a case management track; (2) undersigned counsel expects that the matter will be assigned to either the standard or complex track; and (3) the foregoing Memorandum In Support complies with the page limits for dispositive motions assigned to either track.

/s/George M. Moscarino

GEORGE M. MOSCARINO, ESQ.
SEAMUS J. McMAHON, ESQ.

*Counsel for Defendants*
*Omnicell, Inc. and Rioux Vision Inc.*

20